UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANDREIA V. DASILVA,<br><br>Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS CERTIFICATE TRUSTEE ON BEHALF OF BOSCO CREDIT II TRUST SERIES 2010-1; FRANKLIN CREDIT MANAGEMENT CORPORATION;AND ARGENT MORTGAGE COMPANY, LLC; DLJ MORTGAGE CAPITAL, INC., ASSET BACKED SECURITIES CORPORATION, US BANK, NA AS TRUSTEE FOR SECURITIZED TRUST ASSET BACKED SECURITIES HOME EQUITY LOAN NC 2005-HE4 TRUST, WELLS FARGO BANK, NA, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, ("MERS"), AND DOES 1 THROUGH 100 INCLUSIVE, *et al.*<br><br>Defendants | Case No.:<br><br>**PLAINTIFF'S VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE** |

1

**PLAINTIFF'S VERIFIED COMPLAINT FOR WRONGFUL FORECLOSURE**

NOW COMES Plaintiff, Andreia V. Dasilva, ("Plaintiff"), and sets forth this Verified Complaint against the Defendants as named above, and each of them, as follows:

**JURISDICTION**

1. Venue is proper in this United States District Court for the District of Massachusetts.

**THE PARTIES**

2. Plaintiff is now, and at all times relevant to this action, has been a resident of the Plymouth County in the Commonwealth of Massachusetts.

3. At all times relevant to this action, Plaintiff owned and had superior claim to the Real Property (the "Home") located at 428 North Main Street, Brockton, MA 02301.

4. Defendant, Deutsche Bank National Trust Company ("Deutsche Bank"), as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 is a corporation with an address of 300 South Grand Ave 41st Floor Los Angeles, CA 90071.

5. Defendant, Franklin Credit Management Corporation ("Franklin") is a corporation with an address of 1011 Centre Rd, Ste 200 Wilmington, DE 51266.

6. Defendant, Argent Mortgage Company, LLC is a Limited Liability Company ("Argent") is, a Non-Depository Payor Bank doing business in the County of Plymouth, State of Massachusetts. Plaintiff is further informed and believes, and thereon alleges, that Argent Mortgage Company, LLC is the account debtor of the instant matter in a capacity of

2

accommodated party in interest to a 26 U.S. Code § 1031– Exchange of property held for productive use or investment warehouse line of credit, here after more particularly described in this Complaint.

7. Defendant DLJ Mortgage Capital, Inc. is a corporation, doing business in the County of Plymouth, State of Massachusetts. Defendant is the "Sponsor/Seller" for bankruptcy remote Special Purpose Vehicle ABS NC 2005-HE4 Trust. Plaintiff is further informed and believes, and thereon alleges that Defendant DLJ Mortgage Capital, Inc. was acting in the capacity of a qualified intermediary for credit swap conveyances associated to the 26 U.S. Code § 1031– Exchange of property held for productive use or investment warehouse line of credit, more particularly described in this Complaint.

8. Defendant Asset Backed Securities Corporation is a corporation doing business in the County of Plymouth, State of Massachusetts. Defendant is the purported "Depositor" for bankruptcy remote Special Purpose Vehicle ABS NC 2005-HE4 Trust. Plaintiff is further informed and believes, and thereon alleges that Defendant Asset Backed Securities Corporation was acting in the capacity of a qualified intermediary for credit swap conveyances associated to the 26 U.S. Code § 1031 – Exchange of property held for productive use or investment warehouse line of credit, more particularly described in this Complaint.

9. Defendant, US Bank, NA, acting in the capacity of Trustee for the bankruptcy remote Special Purpose Vehicle Asset Backed Securities home Equity Loan NC 2005-HE4 (herein referred to as "ABS NC 2005-HE4 Trust" is a National Banking Association, doing business in the County of Plymouth, State of Massachusetts. Plaintiff is informed and believes, and thereon alleges that Defendant US Bank, NA acting in the capacity as

Junior Secured Party to Argent Mortgage Company, LLC in the special purpose vehicle (SPV) transaction scheme is offering securities to the secondary market for the purpose of obtaining certificate holder's acquired funds by Special Deposit to execute a 26 U.S. Code § 1031– Exchange of property held for productive use or investment warehouse line of credit, more particularly described in this Complaint.

10. Defendant, Mortgage Electronic Registration Services, Inc., aka MERS ("MERS"), MERS is doing business in the County of Plymouth, State of Massachusetts. Plaintiff is informed and believes, and thereon alleges that MERS was acting in the capacity of electronic agent as a purported Nominee/Beneficiary for Argent Mortgage Company, LLC under the Deed; subsequently acting in a capacity of bailor/bailee for each successor defendant of bankruptcy remote Special Purpose Vehicle ABS NC 2005-HE4 Trust associated to the 26 U.S. Code § 1031– Exchange of property held for productive use or investment warehouse line of credit, more particularly described in this Complaint.

11. Plaintiff does not know the true names, capacities, or basis for liability of Defendants sued herein as Does 1 through 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the Property. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained through discovery. Plaintiff is informed and believed, and therefore allege that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants are responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

12. Plaintiff is informed and believes, and thereon alleges that at all times herein mentioned, each of the Defendants were the agents, employees, servants and/or the joint-ventures of the remaining Defendants, and each of them, and in doing the things alleged herein below, were acting within the course and scope of such agency, employment and/or joint venture.

## GENERAL ALLEGATIONS

13. This is an action brought by Plaintiff to reverse a foreclosure sale, for declaratory judgment, injunctive and equitable relief, and for compensatory, special, general and punitive damages.

## STATEMENT OF PERTINENT FACTS

14. The Property which is the subject of this Complaint is commonly known as 428 North Main Street, Brockton, MA 02301.

15. On May 5, 2005 the Plaintiff granted two mortgages to Argent.

16. The purported mortgage loans contracts between the parties are specific as to the duties of each party. None of the mortgages were properly notarized.

17. On or before May 5, 2005, the closing date, the Plaintiff granted a mortgage to Defendant Argent for a First and Second mortgage.

18. The First Mortgage is recorded in Book #30519, Page #238.

19. The Second Mortgage is recorded in Book #30519, Page #261.

20. On December 16, 2016, an Assignment of Mortgage was filed with the Plymouth County Recorder's Office Book# 47887 Page# 183.

21. The December 16, 2016 assignment was executed by Jose Burgos on behalf of Argent Mortgage Company, LLC to Defendant, Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 regarding the Second Mortgage.

22. There is a recorded assignment on December 16, 2016. This assignment is dated May 12, 2005. This assignment is signed by a Jose Burgos, agent for Argent, but is not notarized nor witnessed.

23. The assignment is dated May, 12, 2005 –the same date the Mortgage was dated: May 15, 2005.

24. The mortgage was recorded on May 13, 2005. This document was not properly notarized.

25. Plaintiff never received from Franklin Credit Management Company ("Franklin") a 90-day Notice of Right To Cure despite its assertions in the 93A Response which states that such notice was sent to Plaintiff on March 7, 2017.

26. Plaintiff never received from Franklin a Notice of Right to Request a Modified Mortgage Loan despite its assertions in the 93A Response which states that such notice was sent to Plaintiff on March 7, 2017.

27. Plaintiff never received from Franklin a Notice of her right to bring a court action to assert a defense regarding the claim default despite its assertions in the 93A Response which states that such notice was sent to Plaintiff on March 7, 2017.

28. On September 9, 2019, post-foreclosure, Franklin Credit Management Corporation as attorney-in-fact for Deutsche Bank National Trust Bank, as certificate trustee on behalf of

Bosco Credit II Trust Series 2010-1 filed a Power of Attorney in Book #51613, Page#227. This Power of Attorney was dated June 10, 2019 and granted several attorneys from Doonan, Graves and Longoria, LLC, the power to undertake actions under the power of sale retroactively.

29. Plaintiff found out of the foreclosure sale through her own diligence that Deutsche Bank was attempting to foreclose on the Property on June 19, 2019.

30. Plaintiff sent a letter pursuant to M.G.L. Chapter 93A to the attorneys for the foreclosing entity on June 11, 2019.

31. Defendant Deutsche Bank responded to the 93A letter on July 11, 2019.

32. The 93A Response indicated that the first foreclosure publication was on May 24, 2019, the second on May 31, 2019 and the last on June 7, 2019. Thus, the first publication was sent eighteen (18) days from the foreclosure sale.

33. The Enterprise Newspaper was used to post the foreclosure notice.

34. The 93A Response indicated that the notice of the foreclosure sale was sent to Plaintiff on May 29, 2019. Thus, the notice was sent thirteen days (13) before the foreclosure sale.

35. M.G.L. Chapter 244, Section 14 states that "…the first publication of which shall be not less than 21 days before the day of sale…"

36. M.G.L. Chapter 244, Section 14 states that "…unless a copy of said notice of sale has been sent by registered mail to all persons of record as of 30 days prior to the date of sale holding an interest in the property junior to the mortgage being foreclosed, said notice to be mailed at least 14 days prior to the date of sale to each such person at the address of such person set forth in any document evidencing the interest or to the last address of

such person known to the mortgagee. Any person of record as of 30 days prior to the date of sale holding an interest in the property junior to the mortgage being foreclosed may waive at any time, whether prior or subsequent to the date of sale…"

37. Plaintiff believes that the foreclosure was fundamentally unfair as to lack of notice, an opportunity to cure any defaults and in violation of a restraining order which was issued by the Plymouth Superior Court to stop the foreclosure.

38. Plaintiff also pro-se filed a complaint and restraining order with the Plymouth Superior Court before the foreclosure sale a day before the foreclosure sale.

39. Plaintiff notified Defendant Deutsche Bank of the issuance of the restraining order.

40. However, despite the restraining order, Defendant Deutsche Bank foreclosed on the Property on June 19, 2109 the Property.

41. The foreclosure sale was in the amount of $119,724.00. This amount is less than the First Mortgage balance.

42. Plaintiff communicated with the first mortgage lender and they were not aware of the foreclosure of the second mortgage.

43. Defendant Deutsche violated the restraining order issued by the Plymouth Superior Court.

44. Again, Deutsche Bank was served with the restraining order through counsel of record.

45. Again, Deutsche Bank refused to stop the foreclosure action on the grounds that the order was issued against the entity who assigned the second mortgage loan in question to Deutsche.

8

46. Again, Plaintiff did not receive notice of the foreclosure sale per the M.G.L. Chapter 244, Section 14. She became aware of the foreclosure sale notice by conducting an unrelated electronic search of legal notices in Massachusetts.

47. Dillan Machado, on the Plaintiff's behalf went to the office of Doonan, Graves & Longoria, LLC ("Doonan") at 100 Cummings Center, Suite 225D, Beverly, Massachusetts, 01915 office to obtain a copy of the file. The Plaintiff sent a third party because she was unable to go herself as she was caring for your infant.

48. The documents obtained from the Doonan showed that there was a letter dated May 28, 2019 containing the notice of foreclosure sale, mortgage, note, assignment of mortgage, certification pursuant to 209 CMR 18.21A(2)(C) and copies of two certified mailings dated May 29, 2019 (See Exhibit B). The letter is addressed to Ms. DaSilva to the Property address. According to a search through the USPS tracking system the letters had not been delivered to Plaintiff.

49. According to the legal notice of foreclosure, such notices were published on May 24, 2019, May 31, 2019 and June 7, 2019. Thus, even according to the records provided by Defendant's counsel, Deutsche Bank published the sale before even notifying Ms. DaSilva.

50. In addition to the above, on October 12, 2011 the Plaintiff's prior servicer, Real Time Resolutions, Inc. filed a proof of claim in Plaintiff's previous Chapter 13 case in the District of Massachusetts (11-17782). In her Chapter 13 petition she listed a mailing address of 1150 West Street Brockton, MA and her property address as 428 North Main Street, #2 Brockton, MA 02301. Thus, acknowledging Plaintiff's mailing and property address, the notification of the foreclosure you mailed purportedly on May 29, 2019 does

9

not comply with M.G.L Chapter 244, Section 14 as it was not sent to Plaintiff's mailing or to the actual property address she listed in her bankruptcy petition.

51. Again, Plaintiff never received a right to cure letter nor was one included in the file provided to the Plaintiff by the Defendants Counsel provided to Plaintiff's agent when she went to the office of Defendants Counsel to obtain the same on June 7, 2019. Effective January 1, 2016, the right to cure a default of a required payment under a residential mortgage or note secured by a residential property was reduced from a period of 150 days to 90 days pursuant to M.G.L. c. 244, §35A. As of January 1, 2016, a mortgagee, or anyone holding thereunder, must provide a written notice in accordance with M.G.L. c. 244, §35A(c) to the mortgagor at least 90 days prior to accelerating the unpaid balance of such mortgage or otherwise proceeding with a foreclosure due to such payment default.

52. Deutsche Bank filed an Affidavit with the Registry of Deeds as stated above where it is stated that your client complied with MGL Chapter 244, Section 35B. Such statute states that:

*A creditor shall not cause publication of notice of a foreclosure sale, as required by section 14, upon certain mortgage loans unless it has first taken reasonable steps and made a good faith effort to avoid foreclosure. A creditor shall have taken reasonable steps and made a good faith effort to avoid foreclosure if the creditor has considered: (i) an assessment of the borrower's ability to make an affordable monthly payment; (ii) the net present value of receiving payments under a modified mortgage loan as compared to the anticipated net recovery following foreclosure; and (iii) the interests of the creditor, including, but not limited to, investors.*

53. Deutsche did not did not comply with the above as this is the first time in almost seven years that Plaintiff is aware of any communication from Deutsche Bank and/or prior mortgage/note holders. The last communication she received from your client was on August 7, 2012 when your client filed a notice of transfer claim in her above mentioned bankruptcy petition.

54. Plaintiff has suffered severe emotional, physical and financial distress as a result of the foreclosure sale.

55. Plaintiff has not been able to sleep properly and is constantly anxious and depress.

56. Due to the above lack of sleep, anxiety and depression her ability to perform work, every day shores, and interactions with others has been materially and substantially impaired.

57. Due to the foreclosure sale she has suffered financial loss as she recently repaired and remodeled the property.

58. Due to the foreclosure sale she has suffered financial loss as she has lost her tenant since the foreclosing entity has interfered with her right to collect rents.

## **FIRST COURSE OF ACTION:**
## **INVALID FORECOSURE FOR FAILURE TO COMPLY WITH M.G.L. CHAPTER 244, SECTION 14**

59. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60. Defendant Deutsche Bank's foreclosure sale is invalid for failure to comply with M.G.L. Chapter 244, Section 14 as the first publication of the foreclosure was sent 18 days before the foreclosure sale instead of 21 days.

11

61. Defendant Deutsche Bank's foreclosure sale is invalid for failure to comply with M.G.L Chapter 244, Section 14 as the notice to Plaintiff was sent 13 days before the foreclosure sale instead of 14 days.

62. Again, Plaintiff did not receive notice of the foreclosure sale per the M.G.L. Chapter 244, Section 14. She became aware of the foreclosure sale notice by conducting an unrelated electronic search of legal notices in Massachusetts.

63. The documents obtained from your office show that there is a letter dated May 28, 2019 containing the notice of foreclosure sale, mortgage, note, assignment of mortgage, certification pursuant to 209 CMR 18.21A(2)(C) and copies of two certified mailings dated May 29, 2019. The letter is addressed to Plaintiff to the Property address. According to a search through the USPS tracking system the letters had not been delivered to Plaintiff.

64. According to the legal notice of foreclosure, such notices were published on May 24, 2019, May 31, 2019 and June 7, 2019. Thus, even according to the records provided by Defendant's counsel, Deutsche Bank published the sale before even notifying Plaintiff.

## SECOND COURSE OF ACTION:
## WRONGUL FORECLOSURE AFTER A VALID RESTRAINING ORDER WAS ISSUED

65. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

66. Defendant's violation of a restraining order prohibiting the sale of the Property, regardless of the fact that such order was addressed to the prior mortgage lender

12

(assignor) is invalid as Deutsche Bank (assignee) was on notice of the prohibition to continue with the foreclosure.

67. Defendant Deutsche Bank foreclosed on the Property on in violation of a restraining order issued by the Plymouth Superior Court.

68. Since Deutsche was served with the restraining order through counsel of record and since Deutsche refused to stop the foreclosure action on the grounds that the order was issued against the entity who assigned the second mortgage loan in question to Deutsche, the foreclosure is void as in contravention of a court order.

69. The actions of Deutsche Bank are fundamentally unfair pursuant to M.G.L Chapter 244, Section 35A.

## THIRD CAUSE OF ACTION:
## LACK OF COMPLIANCE WITH CHAPTER 244, SECTION 35A

70. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71. Plaintiff never received a right to cure letter nor was one included in the file provided to the Plaintiff by the Defendants Counsel provided Plaintiff when she went to the office of Defendant's Counsel to obtain the same on June 7, 2019. Effective January 1, 2016, the right to cure a default of a required payment under a residential mortgage or note secured by a residential property was reduced from a period of 150 days to 90 days pursuant to M.G.L. c. 244, §35A. As of January 1, 2016, a mortgagee, or anyone holding thereunder, must provide a written notice in accordance with M.G.L. c. 244, §35A(c) to the

13

mortgagor at least 90 days prior to accelerating the unpaid balance of such mortgage or otherwise proceeding with a foreclosure due to such payment default.

72. In addition, the United States District Court also applied the Schumacher analysis in Coelho v. Asset Acquisition[1], stating that "[i]n order to succeed on a Section 35A claim the plaintiffs "must prove that the violation of §35A rendered the foreclosure so fundamentally unfair that [they are] entitled to affirmative equitable relief, specifically the setting aside of the foreclosure sale.

73. Also in Coelho, the Court stated that: "to have a successful claim for any defect in the notice, the plaintiffs would have to plead and prove some actual prejudice from the defect." In the case at bar, more than seven years passed since April 2012. A further notice needed to have been sent.

74. The Property Owners claimed in Coelho that the defendants have not complied with Section 35A, which establishes a right to cure a default under a mortgage loan and specifies certain information that must be contained in a default notice sent to the mortgagor.

75. The Property Owners claimed in Coelho that the defendant failed to comply with Section 35A in three ways; (1) the notice misidentified the mortgagee in violation of Section 35A(h)(4); (2) the notice was sent by the servicer instead of mortgagee in violation of Section 35A(g) and; (3) the notice was not filed or recorded in violation of Section 35A(j). All three claims are that the defendant failed to strictly comply with the statutory

---

[1] Civil Action No. 13-10166-GAO.

14

power of sale as required under U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40 (Mass. 2011). The plaintiffs do not claim actual prejudice from any of the claimed deficiencies.

76. Plaintiff sent Deutsche a formal demand under the provisions of Massachusetts General Law Chapter 93A regarding this matter.

77. Plaintiff obtained a restraining order stopping the foreclosure sale of the Property and Deutsche Bank violated the same. This action is fundamentally unfair.

## **FOURTH CAUSE OF ACTION: LACK OF COMPLIANCE WITH CHAPTER 244, SECTION 35B**

78. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

79. Deutsche filed an Affidavit with the Registry of Deeds as stated above where it is stated that your Deutsche Bank complied with MGL Chapter 244, Section 35B. Such statute states that:

*A creditor shall not cause publication of notice of a foreclosure sale, as required by section 14, upon certain mortgage loans unless it has first taken reasonable steps and made a good faith effort to avoid foreclosure. A creditor shall have taken reasonable steps and made a good faith effort to avoid foreclosure if the creditor has considered: (i) an assessment of the borrower's ability to make an affordable monthly payment; (ii) the net present value of receiving payments under a modified mortgage loan as compared to the anticipated net recovery following foreclosure; and (iii) the interests of the creditor, including, but not limited to, investors.*

15

80. Deutsche did not did not comply with the above as the last communication she received from the second mortgage holder in question was on August 7, 2012 when Deutsche client filed a notice of transfer claim in her above mentioned bankruptcy petition.

**FIFTH CAUSE OF ACTION: VIOLATION OF M.G.L. CHAPTER 93A**

81. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

82. M.G.L. Chapter 93A is a broad statute, which prohibits practices that fall "within at least the penumbra of some common-law, statutory, or other established concept of unfairness." Commonwealth v. Fremont Inv. & Loan, 897 N.E.2d 548, 548 (Mass. 2008) (internal citations omitted). Further, it "created new substantive rights" beyond those established by common law or statute. Id.

83. As Massachusetts gives mortgagees the awesome power to foreclose without judicial oversight, mortgagees must strictly comply with the power of sale. U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637 (2011). In this case, the Mortgage required that the Property Owners be apprised of their right to bring suit to raise defenses to any potential foreclosure. You did not apprise them of said right. As such, the pending foreclosure was improperly noticed, and unfair and deceptive.

84. Further, Massachusetts law requires that a mortgagee who exercises the statutory power of sale to do so in good faith and with reasonable diligence. Union Market Nat. Bank of Watertown v. Derderian, 318 Mass. 578 (1945); Antonellis v. Weinstein, 258 Mass. 323 (1927); Feuer v. Capilowich, 242 Mass. 560 (1922). This includes considering

reasonable alternatives to foreclosure, and delaying a foreclosure sale if necessary. Snowden v. Chase Manhattan Mortg. Corp., 17 Mass.L.Rptr. 27, 2003 WL 22519518 at 2-3 (Mass.Super. 2003); Cruz v. Hacienda Assocs., LLC (In re Cruz), No. 11-04006, 2011 WL 285229 (Bankr.D. Mass. Jan 26, 2011). While there is no obligation to provide a borrower a loan modification, once you begin to negotiate with a home owner to rescue that home owner from an untenable financial situation, you have an obligation to continue to negotiate in good faith. See e.g. Lacey v. United States, 98 F.Supp. 219 (D.Mass. 1951) (once you begin to rescue, you must do so with "due care"). In this case, the Property Owners has several times applied for loss mitigation, but has never received a written proper denial of any of their applications. This was unfair and deceptive.

## SIXTH CAUSE OF ACTION:
## WROGFUL FORECLOSURE DUE TO LACK OF PROPER ASSIGNMENT

85. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

86. As stated above, there is a recorded assignment on December 16, 2016. This assignment is dated May 12, 2005. This assignment is signed by a Jose Burgos, agent for Argent, but is not notarized nor witnessed. This assignment is dated May, 12, 2005 –the same date the Mortgage was dated: May 15, 2005.

87. The mortgage was recorded on May 13, 2005. This document was not properly notarized.

17

88. The foreclosure is void as the assignment is void and not valid as Deutsche Bank had not proper standing to foreclose.

## SEVENTH CAUSE OF ACTION:
## VOID MORTGAGE PURSUANT O M.G.L CHAPTER 184, SECTION 24

89. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90. Neither the first nor the second mortgage in question had notarization defects as it failed to state how, if at all, the notary public identified Plaintiff.

91. The mortgage documents were dated May 12, 2015.

92. More than ten years have passed and the defect in the mortgage was never cured.

## EIGHT CAUSE OF ACTION
## TEMPORARY RESTRAINING ORDER AND FOR INJUNCTIVE RELIEF

93. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

94. Plaintiff has no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate to prevent irreparable loss to Plaintiff. Plaintiff suffered and will continue to suffer unless Defendants' wrongful conduct is restrained and enjoined because Real Property is inherently unique and it will be impossible for Plaintiff to determine the precise amount of damage it will suffer.

95. Plaintiff was the record title holder of the Property and she now being threatened with irreparable injury by the conduct of Defendants.

96. Plaintiff will continue to be in jeopardy of injury by the Defendants' wrongful conduct by conducting the foreclosure sale, causing irreparable injury by denying them the right to maintain the status quo between the parties pending resolution of the present dispute.

97. Plaintiff has no adequate remedy at law for both the factual and threatened injuries herein described. Plaintiff's real property residence and rights involved are non-fungible and utterly unique so that it will be impossible to accurately measure in monetary terms, the damage caused by Defendants' wrongful conduct.

98. Defendants' numerous violations of federal and state statute and inability to establish a claim of right to Plaintiff's Note or Deed of Trust establishes Plaintiff's claim as more probable than not and Plaintiff will likely prevail at the time of trial.

99. Plaintiff requests that Defendants and its agents and employees be enjoined from prosecuting any further action related to the Property including but not limited to its sale and eviction of occupants pending trial.

100. Plaintiff will file a request for a lis pendens contemporaneously with the Complaint.

## **PRAYER**

WHEREFORE PREMISES CONSIDERED as Prayer for Relief, and for the foregoing reasons, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiff be awarded judgment:

- Declaring that Defendants lack any interest in the subject property which would permit them to sell, evict, or attempt to foreclose or evict, the trust deed and/or to sell the subject Property;

- Pre- and post-judgment interest at the maximum rate allowed by law;

- Attorney's fees;

- Monetary relief over $100,000 but not more than $2,000,000,00; and

- Any such other and further relief at law and/or in equity to which Plaintiff may be justly entitled including but not limited to damages within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as are allowed by law.

Dated: November 21, 2019.

Respectfully Submitted<br>
By Plaintiff, Andreia DaSilva<br>
Through Counsel<br>
/s/ Carmenelisa Perez-Kudzma<br>
Perez-Kudzma Law Office, P.C.<br>
35 Main Street, Suite 1<br>
Wayland MA<br>
978-505-3333<br>
Carmenelisa@pklaw.law

## **VERIFICATION**

I, Andreia V. Dasilva, am the Plaintiff in the above entitled matter and have personal knowledge to testify to the matters stated therein. I have read the facts and allegations and declare under penalty of perjury that the above is true and correct to the best of my knowledge.

_____
/s/ Andreia V. Dasilva, Pro Se
428 North Main Street