UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____X
**Andreia V. Dasilva,**
      **Plaintiff,**

**v.**        CIVIL ACTION NO. 19-CV-12392-NMG

**Deutsche Bank National Trust Company as Certificate Trustee on behalf of Bosco Credit II Trust Series 2010-1; Franklin Credit Management Corporation; Argent Mortgage Company, LLC; DLJ Mortgage Capital, Inc.; Asset Backed Securities Corporation; US Bank, NA as Trustee for Securitized Trust Asset Backed Securities Home Equity Loan NC 2005-HE4 Trust; Wells Fargo Bank, NA; Mortgage Electronic Registration System ("MERS"); and Does 1 through 100 Inclusive,**
      **Defendants.**
_____X

## MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

NOW COMES, the Defendants, Deutsche Bank National Trust Company, as Certificate Trustee on behalf of Bosco Credit II Trust Series 2010-1 ("Deutsche Bank") and Franklin Credit Management Corporation ("Franklin Credit"), by and through their attorneys, and hereby submit the following Memorandum of Law in support of their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

### I. INTRODUCTION

This action arises out of Deutsche Bank's foreclosure of the second mortgage ("Dasilva Mortgage") on the property located at 428 North Main Street, Brockton, MA (the "Property"), dated May 12, 2005, given by the Plaintiff to Argent Mortgage Company, LLC ("Argent").[1] The Dasilva Mortgage was assigned to Deutsche Bank by virtue of an Assignment of Mortgage dated May 12,

---

[1] *See* Exhibit 1 (an attorney certified copy of the Dasilva Mortgage recorded with the Plymouth County Registry of Deeds in Book 30519, Page 261 is attached hereto and incorporated herein).

2005, and recorded on December 16, 2016.[2] Deutsche Bank is the owner of the Property by virtue of a Foreclosure Deed recorded with the Plymouth County Registry of Deeds in Book 51613, Page 229.[3]

The Plaintiff's Complaint is replete with specious and conclusory allegations, which are unsupported by the public record, contradicted by the Plaintiff's own representations and premised upon a patent misapplication of law. As set forth more fully below, Deutsche Bank's foreclosure was conducted in strict compliance with Massachusetts law and the applicable terms of the Dasilva Mortgage Contract. Further, based upon the Plaintiff's own representations, as well as the public record relating to the Plaintiff's pre-foreclosure Superior Court action,[4] Deutsche Bank was not subject to any Temporary Restraining Order ("TRO") issued by the Plymouth Superior Court prior to the June 19, 2019, foreclosure sale of the Property.[5]

Where, as here, the Plaintiff's claims are wholly without merit as a matter of both fact and law, the Complaint fails to state a claim upon which relief may be granted. As such, the instant action should be dismissed pursuant to Mass. R Civ. P. 12(b)(6).

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) allows for the dismissal of a complaint that fails to state a claim upon which relief can be granted. Dismissal is appropriate when the complaint fails to plead sufficient facts demonstrating a plausible entitlement to the relief requested.[6] When reviewing a complaint for dismissal, the "factual allegations must be enough to raise a right to relief above the speculative level . . . ."[7] In order to survive a motion to dismiss, a complaint must allege enough facts to support a claim for relief that is not just "conceivable" but "plausible on its face."[8] Bare

---

[2] *See* Exhibit 2 (an attorney certified copy of the Assignment of Mortgage recorded with the Plymouth County Registry of Deeds in Book 47887, Page 183 is attached hereto and incorporated herein).
[3] *See* Exhibit 3 (an attorney certified copy of the Foreclosure Deed and Affidavit of Sale is attached hereto and incorporated herein).
[4] *See Andreia V. Dasilva v. Argent Mortg. Co., LLC, et al.*, Civil Action No. 1983CV00659 (Plymouth Super. Ct. June 19, 2019)(a true and correct copy of the Docket in Civil Action No. 1983CV00659 is attached hereto as Exhibit 4 and incorporated herein).
[5] *See* Complaint, ¶ 45 (acknowledging that Deutsche Bank was not a party to the temporary restraining order issued by the Superior Court).
[6] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
[7] *Iannachino v. Ford Motor Co.*, 451 Mass. 623, 888 N.E.2d 879, 890 (2008)(quoting *Twombly*, 550 U.S. at 555).
[8] *Twombly*, 550 U.S. at 570.

allegations and legal conclusions and/or a "formulaic recitation of a cause of action's elements will not do."[9]

In evaluating a Rule 12(b)(6) motion, a court may take into consideration "the allegations of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account."[10] Although the Court will accept the Plaintiff's well-pleaded factual allegations when evaluating a motion to dismiss, the Court need not accept legal conclusions cast in the form of factual allegations.[11] Further, the Plaintiff may not rely upon "subjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts."[12]

### III. ARGUMENT

**A. The Complaint Fails to State a Claim for Violations of G.L. c. 244, § 14 upon which Relief may be Granted.**

Contrary to the Plaintiff's baseless assertions, which are contradicted by her own representations, Deutsche Bank's Notice of Sale was properly published and served in accordance with G.L. c. 244, § 14. Pursuant to Section 14, to effect a valid foreclosure under the statutory power of sale, a mortgagee must publish a Notice of Sale for three consecutive weeks, the first of which being not less than 21 days prior to the scheduled foreclosure sale date, and mail a copy of said Notice to the mortgagor not less than 14 days prior to the scheduled foreclosure sale date.

Here, it is undisputed that Deutsche Bank conducted its foreclosure sale of the Property on June 19, 2019.[13] Further, as acknowledged by the Plaintiff, Deutsche Bank published its Notice of Sale in the Brockton Enterprise for three consecutive weeks on May 24, 2019, May 31, 2019, and June 7, 2019.[14] The Plaintiff further concedes that on May 29, 2019, Deutsche Bank sent her a

---

[9] *Id.* at 555.
[10] *Schaer v. Brandeis University*, 432 Mass. 474, 735 N.E.2d 373, 377-78 (2000).
[11] *See id.*
[12] *Id.*
[13] *See* Complaint, ¶ 40; *see also* Exhibit 3.
[14] *See* Complaint, ¶¶ 32, 33, 49 & 64; *see also* Exhibit 3.

copy of its Notice of Sale by certified mail.[15, 16] Accordingly, Deutsche Bank published its Notice of Sale 26 days in advance of its June 19, 2019, foreclosure sale of the Property, and served the Plaintiff with a copy of its Notice of Sale 21 days prior said foreclosure sale. Thus, Deutsche Bank's Notice of Sale was published within the time standards required by Section 14.

Further, the Plaintiff cannot defeat Deutsche Bank's foreclosure sale of the Property based upon her alleged nonreceipt of Deutsche Bank's Notice of Sale. It is well-settled that the requirement that a mortgagee mail a copy of its Notice of Sale to the mortgagor "is satisfied by mailing and nonreceipt is irrelevant."[17] This standard is consistent with the terms of the Dasilva Mortgage Contract itself. Pursuant to Paragraph 12 of the Dasilva Mortgage, "any notice to [the Plaintiff] provided for in [the] Mortgage shall be given by delivering it or mailing such notice by certified mail addressed to [the Plaintiff] at the Property address."[18] The Dasilva Mortgage identifies the property address as "428 North Main Street, Brockton, MA 02301."[19]

Additionally, Paragraph 12 of the Dasilva Mortgage provides that, if the Plaintiff sought to designate a different address to which notices should be sent, the Plaintiff was required to inform Deutsche Bank or Franklin Credit of any such designation in writing by certified mail.[20] In that respect, the Dasilva Mortgage expressly provides that any notice required thereby, such as a notice of any change in the Plaintiff's address, "shall be deemed to have been given to Borrower or Lender when given in the manner designated [in Paragraph 12 of the Mortgage].[21]

---

[15] *See* Complaint, ¶¶ 34, 48 & 63; *see also* Exhibit 5 (attorney certified copies of the Notice of Intent to Foreclose and Notice of Sale served upon the Plaintiff are attached hereto and incorporated herein).

[16] Ordinarily, the Court may not consider documents not attached to the Complaint in assessing a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). However, a narrow exception exists for "documents central to the plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). Here, the Notice of Sale and certified letters to the Plaintiff are central to her claim, and the Complaint indicates that copies of said documents are attached thereto as Exhibit B. *See* Complaint, ¶ 48. However, the Plaintiff did not attach any Exhibits to her electronic filing. Because the Notice of Sale and certified letters are central the Plaintiff's claim and sufficiently referred to in the Complaint, the Court may consider said documents in assessing the instant Motion to Dismiss. *See Waterson*, 987 F.2d at 3.

[17] *Hull v. Attleboro Sav. Bank*, 25 Mass.App.Ct. 960, 519 N.E.2d 775, 778 (1988)[hereinafter referred to as "*Hull I*"]; *Hull v. Attleboro Sav. Bank*, 33 Mass.App.Ct. 18, 596 N.E.2d 358, 362 (1992)[hereinafter referred to as "*Hull II*"]; *see Kiah v. Carpenter*, 89 Mass.App.Ct. 1113, 47 N.E.3d 53, at *3 (2016).

[18] *See* Exhibit 1, ¶ 12.

[19] *See* Exhibit 1, p. 1.

[20] *See* Exhibit 1, ¶ 12.

[21] *See* Exhibit 1, ¶ 12.

Here, the Plaintiff concedes that Deutsche Bank mailed a copy of its Notice of Sale by certified mail addressed to her at the Property on May 29, 2019.[22] Further, the Plaintiff has not alleged that she provided notice by certified mail to Franklin Credit, Deutsche Bank or their predecessors in interest, informing them of a change in the address to which notices relating to the servicing and/or foreclosure of the Dasilva Mortgage Loan should be addressed. Accordingly, the Complaint fails to plead facts sufficient to plausibly suggest that Deutsche Bank failed to provide the Plaintiff with proper notice under Section 14.[23]

Moreover, the Massachusetts Appeals Court has consistently held that, if the mortgagor has actual notice of the foreclosure sale, any failure to comply with the notice procedure set forth in Section 14 is not fatal to the mortgagee's foreclosure sale.[24] Here, the Plaintiff concedes that she acquired actual notice of Deutsche Bank's June 19, 2019, through her own independent research.[25] Thus, even if Deutsche Bank failed to send the Plaintiff a copy of the Notice of Sale within the time period required by Section 14, which it did not, any such failure would not render Deutsche Bank's foreclosure sale of the Property invalid.

Where, as here, Deutsche Bank published and served its Notice of Sale within the time period required by Section 14, and the Plaintiff had actual knowledge of Deutsche Bank's June 19, 2019, foreclosure sale of the Property, the Complaint fails to sufficiently state a claim that Deutsche Bank's foreclosure was conducted in violation of Section 14. As such, the Plaintiff's claim under Section 14 should be dismissed.

**B.     The Complaint Fails to State a Claim that Deutsche Bank's Foreclosure Sale was conducted in Violation of a TRO.**

Contrary to the Plaintiff's baseless assertions, she cannot demonstrate that Deutsche Bank was subject to a TRO preventing it from conducting its foreclosure sale of the Property on June 19, 2019. It is undisputed that on June 19, 2019, the Plaintiff commenced an action in the Plymouth

---

[22] *See* Complaint, ¶¶ 34, 48 & 63; *see also* Exhibit 5.
[23] *See Hull I*, 519 N.E.2d at 778; *Hull II*, 596 N.E.2d at 362; *Kiah*, 47 N.E.3d 53, at *3; *see also* Exhibit 1, ¶ 12.
[24] *See Hull II,* 596 N.E.2d at 362; *Kiah*, 47 N.E.3d 53, at *3.
[25] *See* Complaint, ¶¶ 46 & 62.

Superior Court seeking injunctive relief relating to an anticipated foreclosure sale of the Property.[26] That same day, the Superior Court issued a TRO preventing the Respondents named therein from conducting a foreclosure sale of the Property.[27] However, as conceded by the Plaintiff, neither Deutsche Bank nor Franklin Credit were named as parties to the Superior Court action or the TRO.[28] Accordingly, Deutsche Bank was not subject to any TRO or Preliminary Injunction prohibiting it from conducting its foreclosure sale of the Property.

In fact, although not named in the action, Deutsche Bank, through the undersigned counsel, attended the June 24, 2019, hearing in the Superior Court on the Plaintiff's Motion for a Preliminary Injunction. Based upon Deutsche Bank's representations that it was not named in or properly served with the TRO and, as a result, that the foreclosure sale of the Property took place on June 19, 2019, the Superior Court denied the Plaintiff's request to issue a Preliminary Injunction and/or extend the TRO as moot.[29]

Nevertheless, and regardless of whether Argent is named as a Respondent in the TRO, there is no basis to suggest that the TRO was equally binding on Deutsche Bank as Argent's successor in interest. By its plain language, the TRO was binding only upon the Respondents named therein.[30] The TRO does not include any language indicating that the Order was intended to bind the Respondents' successors and assigns.[31] This is especially evident in light of the fact that the Superior Court rejected this argument in denying the Plaintiff's request for further injunctive relief as moot.

Moreover, the Plaintiff's failure to properly name Deutsche Bank in the TRO is a result of her own lack of due diligence. It is undisputed that Deutsche Bank has been the assignee of the Dasilva Mortgage since May 12, 2005.[32] Further, the Assignment of the Dasilva Mortgage was

---

[26] *See* Exhibit 4.
[27] *See* Exhibit 6 (a true and correct copy of the Superior Court TRO is attached hereto and incorporated herein).
[28] *See* Complaint, ¶¶ 45 & 68.
[29] *See* Exhibit 4, p. 3.
[30] *See* Exhibit 6.
[31] *See* Exhibit 6.
[32] *See* Complaint, ¶¶ 20 & 21; Exhibit 2.

6

recorded on December 16, 2016.[33] Accordingly, the Plaintiff was on constructive notice that Deutsche Bank was a necessary party to any action to enjoin its June 19, 2019, foreclosure sale of the Property.[34]

Additionally, the Plaintiff acknowledges that she served Deutsche Bank with a demand letter under Chapter 93A on June 11, 2019, in which she asserted challenges to the anticipated foreclosure sale of the Property.[35] The Plaintiff's Superior Court action challenging the foreclosure sale was commenced on June 19, 2019, just eight days after her Chapter 93A Letter.[36] The Plaintiff's Chapter 93A demand letter demonstrates that she was aware of Deutsche Bank's interest at the time of her Superior Court action.

The Plaintiff has not alleged, nor can she demonstrate any acceptable explanation for her failure to name Deutsche Bank as a party to the Superior Court action. This is especially true, where, as here, the Plaintiff had constructive knowledge of Deutsche Bank's interest in the Dasilva Mortgage at least as of December 16, 2016, and the Plaintiff's Chapter 93A demand letter demonstrates that she had actual knowledge of Deutsche Bank's interest in the Property at least eight days prior to the commencement of her Superior Court action.

Where, as here, Deutsche Bank was not subject to the TRO issued by the Superior Court, and the Superior Court denied the Plaintiff's request for further injunctive relief as a result of her failure to properly name Deutsche Bank in the TRO, the Complaint fails to plead facts sufficient to state a claim that the foreclosure sale of the Property was conducted in violation of a valid TRO. As such, the Plaintiff's claim for wrongful foreclosure should be dismissed.

**C.     The Complaint Fails to State a Claim for Violations of G.L. c. 244, § 35A.**

Initially, G.L. c. 244, § 35A does not apply to the Dasilva Mortgage or to Deutsche Bank's foreclosure sale of the Property. Section 35A applies to any mortgagor of "residential property"

---

[33] *See* Complaint, ¶¶ 20 & 21; Exhibit 2.
[34] *See AA & D Masonry, LLC v. South Street Business Park*, 93 Mass.App.Ct. 693, 107 N.E.3d 1229, 1238 (2018)(""[R]ecording puts one on constructive notice. . .")(citing *Bank of America, N.A. v. Casey*, 474 Mass. 556, 52 N.E.3d 1030, 104 (2016)).
[35] *See* Complaint, ¶ 30.
[36] *See* Exhibit 4.

7

located in Massachusetts. The term "residential property" is defined by statute as

> real property located in the commonwealth having thereon a dwelling house . . . occupied, or to be occupied, in whole or in part by the mortgagor; provided, however, that residential property shall not include an investment property or residence other than a primary residence . . .[37]

Here, although the Plaintiff alleges that she is a resident of Plymouth County and claims an ownership interest in the Property, the Complaint is devoid of any allegations that she occupies the Property as her primary residence. In fact, throughout the Complaint, the Plaintiff alleges that she did not receive Deutsche Bank's foreclosure notices as they were mailed to the Property, as opposed to her actual address.[38] The Plaintiff's failure to allege that she resides in the Property as her primary residence is fatal to any claim under Section 35A.[39]

Regardless, even if the Plaintiff could demonstrate that she is entitled to the benefit of Section 35A, which she cannot, her claim is nevertheless wholly without merit as a matter of law. It is well-settled that Section 35A is not one of the statutes related to the foreclosure of mortgages by exercise of the statutory power of sale.[40] Accordingly, to defeat the foreclosure based upon an alleged violation of Section 35A, the Plaintiff must plead facts sufficient to demonstrate that any such violation rendered Deutsche Bank's foreclosure "so fundamentally unfair that she is entitled to affirmative equitable relief, specifically the setting aside of the foreclosure sale 'for reasons other than a failure to comply strictly with the power of sale provided in the mortgage.'"[41] As recognized by the Plaintiff, to plead a claim of fundamental unfairness in the context of Section 35A, she is required to plead facts sufficient to allege that she has suffered actual prejudice as a result of any alleged violation of the statute.[42]

---

[37] *See* G.L. c. 244, § 35A(a).
[38] *See* Complaint, ¶¶ 25, 26, 27, 37, 46, 48, 50, 51, 53, 63, 71 & 80.
[39] *See* G.L. c. 244, § 35A(a); *McMann v. Selene Finance LP*, 332 F.Supp.3d 481, 485 (D.Mass. 2018)(affirming the dismissal of a claim under G.L. c. 244, § 35B on the ground that the statute only applies to residential property).
[40] *See U.S. Bank Nat'l Ass'n v. Schumacher*, 467 Mass. 421, 5 N.E.3d 882, 890 (2014)(Gants, J., concurring)(quoting *Bank of Am., N.A. v. Rosa*, 466 Mass. 613, 999 N.E.2d 1080, 1088 (2013)).
[41] *Schumacher*, 5 N.E.3d at 891 (Gants, J., concurring).
[42] *See Coelho v. Asset Acquisition and Resolution Entity, LLC*, Civil Action No. 13-10166-GAO, 2014 WL 1281513, at *3 (D.Mass. Mar. 31, 2014).

Here, and contrary to the Plaintiff's misapplication of the law, her alleged nonreceipt of Franklin Credit's Notice of Right to Cure is wholly insufficient to sustain a claim under Section 35A. A mortgagee's burden under Section 35A is satisfied once the Notice of Right to Cure is mailed to the mortgagor.[43] A copy of Franklin Credit's Notice of Right to Cure is attached to the Post Sale Affidavit Regarding Note, which is a document of public record recorded with the Plymouth County Registry of Deeds in Book 51613, Page 234.[44] The Post Sale Affidavit establishes that Franklin Credit sent the Plaintiff a Notice of Right to Cure by certified mail on March 7, 2017.[45] No more is required.[46]

Moreover, the Complaint is devoid of any facts, whatsoever, sufficient to plausibly suggest that the Plaintiff would have been able to avoid foreclosure had she received Franklin Credit's Notice of Right to Cure. Accordingly, the Complaint fails to sufficiently plead that the Plaintiff suffered actual prejudice as a result of any alleged violation of Section 35A.[47]

Where, as here, Section 35A does not apply to the Dasilva Mortgage Loan, the Plaintiff has not plead facts sufficient to allege that she suffered actual prejudice as a result of any alleged violation of Section 35A, and the documents of public record are sufficient to demonstrate that Franklin Credit mailed the Plaintiff a Notice of Right to Cure by certified mail, the Complaint fails to plead facts sufficient to sustain a claim under Section 35A. As such, the Plaintiff's claim under Section 35A should be dismissed.

**D.     The Complaint Fails to State a Claim for Violations of G.L. c. 244, § 35B.**

The Plaintiff's claim under G.L. c. 244, § 35B suffers from the same defects as her claim under Section 35A. Like Section 35A, Section 35B only applies to mortgage loans secured by "owner-occupied residential property." Section 35B defines the term "residential property" as

---

[43] *See* G.L. c. 244, § 35A(b)("Said notice shall be deemed to be delivered to the mortgagor . . . when sent by first class mail and certified mail . . . to the mortgagor at the mortgagor's address last known to the mortgagee or anyone holding thereunder."); *Biltcliffe v. Citimortgage, Inc.*, 952 F.Supp.2d 371, 383 (D.Mass. 2013)("[Section 35A] does not require proof of receipt, only of mailing."), *aff'd* 772 F.3d 925, 931 n. 3 (1st Cir. 2014).
[44] *See* Exhibit 7 (an attorney certified copy of the Post Sale Affidavit Regarding Note is attached hereto and incorporated herein).
[45] *See* Exhibit 7.
[46] *See* G.L. c. 244, § 35A(b); *Biltcliffe*, 772 F.3d at 931 n. 3.
[47] *See Coelho*, 2014 WL 1281513, at *3.

9

real property located in the commonwealth . . . occupied, or to be occupied, in whole or in part, by the obligor on the mortgage debt; provided, however, that residential property shall be limited to the principal residence of a person; provided, further, that residential property shall not include [a] . . . residence other than a primary residence.[48]

As set forth *supra*, the Plaintiff has not alleged that she occupies the Property as her primary residence. In fact, the Plaintiff alleges that Deutsche Bank's foreclosure notices, which were sent to her at the Property, are defective due to her non-receipt of the same.[49] The Plaintiff's failure allege that she resides in the Property as her primary residence is fatal to any claim under Section 35B.[50]

Nevertheless, it is well-settled that Section 35B is not one of the statutes related to the foreclosure of mortgages by exercise of the statutory power of sale.[51] Here, the Plaintiff's claim is premised entirely upon allegations that Franklin Credit failed to send her the notice required by Section 35B prior to publishing its Notice of Sale under Section 14.[52] However, the Affidavit Regarding Note Secured by a Mortgage to be Foreclosed, which is document of public record recorded with the Plymouth County Registry of Deeds in Book 50129, Page 131, establishes that, though not required to do so, Franklin Credit complied with Section 35B.[53] Further, a copy of Franklin Credit's Notice of Right to Request a Modified Mortgage Loan ("Section 35B Notice") is attached to Deutsche Bank's the Post Sale Affidavit Regarding Note.[54] The Pre-Foreclosure Affidavit Regarding Note and the Post Sale Affidavit Regarding Note establish that Franklin Credit sent the Plaintiff notice under Section 35B by certified mail prior to publishing its Notice of Sale.[55]

---

[48] *See* G.L. c. 244, § 35B(a).
[49] [49] *See* Complaint, ¶¶ 25, 26, 27, 37, 46, 48, 50, 51, 53, 63, 71 & 80.
[50] *See* G.L. c. 244, § 35B(a); *McMann*, 332 F.Supp. at 485; *see also Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 79 (1st Cir. 2014)(holding that the plaintiff's claim under Section 35B was properly dismissed where the only facts pled in support of the claim related to the plaintiff's alleged non-receipt of the lender's Section 35B Notice).
[51] *See Bank of New York Mellon v. Fernandez*, 87 Mass.App.Ct. 1136, 34 N.E.3d 779, at *1 (2015)(unpublished Rule 1:28 decision), *further appellate review denied* 473 Mass. 1102, 40 N.E.3d 552 (2015).
[52] *See* Complaint, ¶¶ 53 & 82.
[53] *See* Exhibit 8 (an attorney certified copy of the Pre-Foreclosure Affidavit Regarding Note is attached hereto and incorporated herein).
[54] *See* Exhibit 7.
[55] *See* Exhibits 7 & 8.

No more is required.[56]

Where, as here, Section 35B does not apply to the Dasilva Mortgage Loan and, the documents of public record establish that Franklin Credit nevertheless sent the Plaintiff notice under Section 35B by certified mail, the Complaint fails to plead facts sufficient to sustain a claim under Section 35B. As such, the Plaintiff's claim under Section 35B should be dismissed.

**E.     The Complaint Fails to State a Claim for Violations of G.L. c. 93A.**

The Plaintiff's allegations of unfairness pled in support of her claim under Chapter 93A are wholly without merit as a matter of both fact and law. To determine whether conduct is unfair or deceptive in the context of Chapter 93A, courts are guided by three considerations: "(1) whether the practice . . . is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers . . ."[57] To sufficiently plead a claim under Chapter 93A, the Plaintiff must allege facts sufficient to plausibly suggest that that either Franklin Credit or Deutsche Bank acted in furtherance of a "pernicious purpose," an "ulterior motive," or a "coercive or extortionate objective."[58] In *Quaker State*, the First Circuit held that "[t]he objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of commerce."[59] Here, and as set forth more fully below, the Plaintiff's claim under Chapter 93A is wholly contradicted by the documents of public record and the well-settled principles of Massachusetts foreclosure law. As such, the Plaintiff's claim under Chapter 93A should be dismissed.

---

[56] *See* G.L. c. 244, § 35B(c)(providing that the required notice shall be deemed delivered when sent by first class mail and certified mail to the borrower at the borrower's address last known to the mortgagee); *Clockedile v. U.S. Bank Trust, N.A.*, 189 F.Supp.3d 312, 316 (D.Mass. 2016); *see also Foley*, 772 F.3d at 79.
[57] *PMP Assocs., Inc. v. Globe Newspaper Co.*, 366 Mass. 593, 321 N.E.2d 915, 917-18 (1975); *see Young v. Wells Fargo Bank, N.A.*, 828 F.3d 26, 34 (1st Cir. 2016)(recognizing that all three elements of the standard set forth in *PMP Assocs.* Must be present in order to sustain a claim under Chapter 93A); *Damon v. Sun Co., Inc.,* 87 F.3d 1467, 1484 (1st Cir. 1996); *Quaker State Oil Refining Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1513 (1st Cir. 1989); *Hershenow v. Enterprise Rent-A-Car Company of Boston, Inc.*, 445 Mass. 790, 840 N.E.2d 526 (2006).
[58] *Framingham Auto Sales, Inc. v. Workers' Credit Union*, 41 Mass.App.Ct. 416, 671 N.E.2d 963, 965 (1996).
[59] 884 F.2d at 1513 (quoting *Levings v. Forbes & Wallace, Inc.*, 8 Mass.App.Ct. 498, 396 N.E.2d 149, 153 (1979)).

### 1. Deutsche Bank properly notified the Plaintiff of her right to bring a court action to defend against her default and subsequent foreclosure sale.

As set forth *supra*, a copy of Franklin Credit's Notice of Right to Cure is attached to the Post Sale Affidavit Regarding Note, which is a document of public record.[60] The Notice of Right to Cure was sent to the Plaintiff by certified mail on March 7, 2017.[61] The Notice of Right to Cure includes a number of disclosures including, but not limited to, a disclosure informing the Plaintiff of her "right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale."[62] The language of said disclosure mirrors that required by the notice provision set forth in Paragraph 17 of the Dasilva Mortgage.[63]

Further, and contrary to her misapplication of the law, the Plaintiff cannot demonstrate that Franklin Credit's Notice of Right to Cure is defective due to her alleged non-receipt of the same. The contractual notice of default falls within the provisions of Paragraph 12 of the Dasilva Mortgage, which provides the proper manner of notice to the Plaintiff. As set forth *supra*, Paragraph 12 of the Dasilva Mortgage provides that any notice required by the terms of the Mortgage shall be deemed delivered when sent by certified mail addressed to the Plaintiff at the property address.[64] Further, if the Plaintiff sought to designate an alternative address to which notice should be sent, she was required to inform Deutsche Bank and/or Franklin Credit of such designation by notice sent by certified mail.[65]

Here, Franklin Credit's Notice of Right to Cure was sent by certified mail addressed to the Plaintiff at the Property.[66] Further, the Plaintiff does not allege that she ever provided notice by certified mail to Franklin Credit, Deutsche Bank or its predecessors in interest informing them of a change in the address to which notices should be sent. Accordingly, Franklin Credit's Notice of Right to Cure is not defective as a result of the Plaintiff's alleged non-receipt of the same.[67]

---

[60] *See* Exhibit 7.
[61] *See* Exhibit 7, pp. 3 – 6.
[62] *See* Exhibit 7, p. 6.
[63] *Compare* Exhibit 7, p. 6, *with* Exhibit 1, ¶ 17.
[64] *See* Exhibit 1, ¶ 12.
[65] *See* Exhibit 1, ¶ 12.
[66] *See* Exhibit 7, pp. 3 – 6.
[67] *See* Exhibit 1, ¶ 12.

Nevertheless, even if Franklin Credit's Notice of Right to Cure is defective, which it is not, "a mere breach of a legal obligation under commercial law, without more, does not amount to an unfair or deceptive act under G.L. c. 93A."[68] In that respect, the Complaint is devoid of any factual allegations sufficient to plausibly suggest that any alleged defect in Franklin Credit's Notice of Right to Cure, or the delivery of the same, was the result of a "pernicious purpose," an "ulterior motive," or a "coercive or extortionate objective."[69]

Where, as here, Franklin Credit provided the Plaintiff with proper notice of her default and right to bring a court action to defend against the foreclosure as required by Paragraph 17 of the Dasilva Mortgage Contract, the Complaint fails to allege facts sufficient to plausibly suggest that Franklin Credit's Notice of Right to Cure was the result of a "pernicious purpose," an "ulterior motive," or a "coercive or extortionate objective,"[70] or was otherwise unfair as contemplated by Chapter 93A. As such, the Plaintiff's Chapter 93A claim should be dismissed.

### 2. Deutsche Bank was under no obligation to modify the Dasilva Mortgage Loan prior to its foreclosure sale of the Property.

It is well-settled that, when exercising the statutory power of sale, a foreclosing mortgagee must "act in good faith and must use reasonable diligence to protect the interests of the mortgagor."[71] To that end, a mortgagee's duty to act in good faith and with reasonable diligence is "tied directly to the mortgagee's contractual right to exercise a power of sale."[72] However, and as held by the Massachusetts Appeals Court, "neither the implied covenant [of good faith and fair dealing] nor the duties arising from foreclosure extend to preforeclosure loan modification processing where the mortgage loan documents do not themselves contemplate such modifications."[73] The Plaintiff has not alleged, nor can she demonstrate that the terms of the Dasilva Mortgage Loan Contract required Franklin Credit or Deutsche Bank to modify or consider

---

[68] *See Framingham Auto Sales, Inc.*, 671 N.E.2d at 965.
[69] *See id.*
[70] *Id.*
[71] *Williams v. Resolution GGF OY*, 417 Mass. 377, 630 N.E.2d 581, 584 (1994).
[72] *MacKenzie v. Flagstar Bank, FSB*, 738 F.3d 486, 493 (1st Cir. 2013).
[73] *Santos v. U.S. Bank Nat'l Ass'n*, 89 Mass.App.Ct. 687, 54 N.E.3d 548, 560 (2016).

modifying the terms of the same prior to foreclosure.

The Plaintiff's reliance on the decisions in *Snowden v. Chase Manhattan Mortgage Corporation*[74] and *Cruz v. Hacienda Associates, LLC*[75] is misplaced. The decision in *Snowden* is a Massachusetts Superior Court decision, which is not binding on this Court.[76] Further, the holding reached in *Snowden* was implicitly rejected by the Massachusetts Appeals Court in *Santos*, and the First Circuit Court of Appeals in *Mackenzie*, both of which recognize that, unless expressly provided for by the terms of the mortgage contract, a mortgagee is under no obligation to modify or consider modifying a mortgage loan prior to foreclosure.[77] Additionally, the First Circuit Court of Appeals expressly rejected the holding in *Cruz* on the same grounds.[78]

Further, the principles of law discussed in *Lacey v. United States* are inapplicable to the issues before the Court.[79] In *Lacey*, the U.S. District Court recognized that although a mere bystander does not owe a duty to rescue another in distress, once a bystander undertakes rescue operations, they must exercise due care.[80] However, the rescue doctrine sounds in a claim of negligence.[81]

Here, the Complaint is devoid of any negligence claim. Moreover, because a mortgagee owes no duty to modify the terms of a mortgage loan prior to foreclosure, any such negligence claim would fail as a matter of law.[82] Where, as here, the Plaintiff fails to sufficiently plead a claim of negligence, her reliance upon the rescue doctrine is misplaced.

Regardless, the rescue doctrine only applies in circumstances where the defendant

---

[74] 17 Mass.L.Rptr. 27, 2003 WL 22519518 (Mass.Super.Ct. 2003).
[75] 446 B.R. 1 (Bankr.D.Mass. 2011).
[76] 17 Mass.L.Rptr. 27, 2003 WL 22519518.
[77] *See Mackenzie*, 738 F.3d at 493; *Santos*, 54 N.E.3d at 560.
[78] *See Mackenzie*, 738 F.3d at 491 (holding that the District Court properly rejected the holding in *Cruz* on the basis that the covenant of good faith and fair dealing does not require a mortgagee to negotiate for a loan modification once a mortgagor defaults).
[79] 98 F.Supp. 219 (D.Mass. 1951).
[80] *See id.* at 220.
[81] *See id.*; *Fondow v. United States*, 112 F.Supp.2d 119, 129-30 (D.Mass. 2000); *Rodrigue v. United States*, 788 F.Supp. 49, 52 (D.Mass. 1991); *Daley v. United States*, 499 F.Supp. 1005, 1010 (D.Mass. 1980).
[82] *See Mackenzie*, 738 F.3d at 493; *Santos*, 54 N.E.3d at 560; *see also FAMM Steel, Inc. v. Sovereign Bank*, 571 F.3d 93, 102 (1st Cir. 2009)(""[U]nder Massachusetts law, the relationship between a lender and a borrower, without more, does not establish a fiduciary relationship.").

commences rescue operations.[83] Based upon the Plaintiff's own allegations she did not receive a response from Deutsche Bank or Franklin Credit with respect to her alleged requests for a loan modification.[84] Because the Plaintiff does not allege that Franklin Credit or Deutsche Bank responded or otherwise began to provide assistance with respect to her alleged requests for a loan modification, the rescue doctrine would not apply even if the Plaintiff had sufficiently pled a claim for negligence.[85]

Nevertheless, Massachusetts courts have routinely recognized that mere negligence alone is not enough to sustain a claim under Chapter 93A.[86] The Plaintiff has not pled any facts, whatsoever, sufficient to plausibly suggest that any implied allegations of negligence in the processing of her alleged requests for a loan modification were the result of a "pernicious purpose," an "ulterior motive," or a "coercive or extortionate objective" by Franklin Credit or Deutsche Bank.[87]

Where, as here, neither Deutsche Bank nor Franklin Credit were under any obligation to modify the Dasilva Mortgage Loan prior to foreclosure, and the Complaint is devoid of any allegations sufficient to plausibly suggest that the Plaintiff's inability to obtain a loan modification was the result of a "pernicious purpose" an "ulterior motive," or a "coercive or extortionate objective" by Franklin Credit or Deutsche Bank,[88] the Complaint fails to state a claim under Chapter 93A. As such, the Plaintiff's Chapter 93A claim should be dismissed.

## F. The Complaint Fails to State a Claim for Wrongful Foreclosure for Lack of Proper Assignment.

At the outset, the original Assignment of the Dasilva Mortgage includes a proper certificate of acknowledgment executed under seal by Cheryl Parker in her capacity of notary public.[89] The

---

[83] *See Lacey*, 98 F.Supp. at 220; *Fondow*, 112 F.Supp. at 129.
[84] *See* Complaint, ¶ 84.
[85] *See Fondow*, 112 F.Supp.2d at 129-30; *Rodrigue*, 788 F.Supp. at 52; *Daley*, 499 F.Supp. at 1010; *Lacey*, 98 F.Supp. at 220.
[86] *See RFF Family P'ship, LP v. Link Dev., LLC*, 932 F.Supp.2d 213, 227 (D.Mass. 2013)(citing *SMS Fin., LLC v. Conti*, 68 Mass.App.Ct. 738, 865 N.E.2d 1142, 1150 (2007)).
[87] *Framingham Auto Sales, Inc.*, 671 N.E.2d at 965.
[88] *Id.*
[89] *See* Exhibit 2.

Assignment of Mortgage was prepared and executed on 8 ½ x 14 inch legal paper and, as a result, Parker's signature was inadvertently truncated when the instrument was imaged with the Plymouth County Registry of Deeds. The original executed Assignment of Mortgage is in the possession of the undersigned counsel and may be presented to the Court for inspection throughout these proceedings. Because the Assignment of Mortgage is sufficiently referred to in the Complaint,[90] and is central to the Plaintiff's claim, the Court may consider the original document in assessing the instant Motion to Dismiss.[91]

It is well-settled that an Assignment of Mortgage becomes effective when executed.[92] Pursuant to G.L. c. 183, § 54B, an Assignment of Mortgage is presumptively valid if it is duly executed before a notary public by a person purporting to have the authority to bind the assignor.[93] So long as an Assignment of Mortgage is executed and recorded in accordance with Section 54B, the assignment cannot be shown to be void.[94] Here, notwithstanding the fact that Parker's signature is truncated from the Assignment of Mortgage as imaged with the Plymouth County Registry of Deeds, the certificate of acknowledgment demonstrates that the instrument was executed before a notary public by an individual purporting to have the authority to execute the instrument as an agent of the assignor.[95] Accordingly, the Assignment of Mortgage satisfies the requirements of Section 54B, and cannot be shown to be void.

Regardless, the Plaintiff's claim cannot survive dismissal even if this Court were to

---

[90] *See* Complaint, ¶ 86.
[91] *See Watterson*, 987 F.2d at 3.
[92] *See U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 941 N.E.2d 40, 54 (2011); *Fed. Nat'l Mortg. Ass'n v. Carr*, No. 12-ADMS-10024, 2012 Mass.App.Div. 223, 2012 WL 6021306, at *3 (2012)("holding that the transfer of legal title by an Assignment of Mortgage "becomes effective only upon the transfer or execution date.").
[93] *See Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282, 291 (1st Cir. 2013); *Galvin v. U.S. Bank, N.A.*, 852 F.3d 146, 158 (1st Cir. 2017); *Wilson v. HSBC Mortg. Servs., Inc.*, 744 F.3d 1, 13 (1st Cir. 2014); *Butler v. Deutsche Bank Trust Co. Americas*, 748 F.3d 28, 34 (1st Cir. 2014); *U.S. Bank Nat'l Ass'n v. Bolling*, 90 Mass.App.Ct. 154, 57 N.E.3d 1033, 1036 (2016)(holding that, where an assignment of mortgage satisfies the requirements of Section 54B, the mortgagor "has no basis for arguing that the assignment is void.")(quoting *Bank of New York Mellon Corp. v. Wain*, 85 Mass.App.Ct. 498, 11 N.E.3d 633, 639 (2014)).
[94] *See Wain*, 11 N.E.3d at 638; *Giannasca v. Deutsche Bank Nat'l Trust Co.*, 95 Mass.App.Ct. 775, 130 N.E.3d 1256, 1259 (2019); *Ressler v. Deutsche Bank Trust Co., Americas*, 92 Mass.App.Ct. 502, 88 N.E.3d 295, 301 (2017); *Strawbridge v. Bank of New York Mellon*, 91 Mass.App.Ct. 827, 79 N.E.3d 1103, 1107 (2017); *Bolling*, 57 N.E.3d at 1036; *Wells Fargo Bank, N.A. v. Anderson*, 89 Mass.App.Ct. 369, 49 N.E.3d 682, 685 (2016).
[95] *See* Exhibit 2.

determine that it is inappropriate to consider the original Assignment of Mortgage in the context of the instant Motion. It is well-settled that a mortgagor lacks standing to assert challenges to an assignment of mortgage that would render the assignment voidable, as opposed to void.[96] In that respect, Courts in this jurisdiction have recognized that defects in the acknowledgment of an assignment of mortgage render the instrument merely voidable.[97] Accordingly, the Plaintiff lacks standing to challenge the validity of the Assignment of the Dasilva Mortgage based upon an alleged improper acknowledgment of the same.

Where, as here, the Assignment of Mortgage complies with Section 54B, and the Plaintiff lacks standing to challenge the validity of the Assignment in the context of an allegedly defective certificate of acknowledgment, the Complaint fails to state a claim for wrongful foreclosure due to an allegedly defective assignment of mortgage. As such, the Plaintiff's claim for Wrongful Foreclosure should be dismissed.

### G. The Complaint Fails to State Claim that the Dasilva Mortgage is Void under G.L. c. 184, § 24.

The Plaintiff's claim under G.L. c. 184, § 24 is contradicted by the plain language of the statute. Section 24 provides that, in circumstances where an instrument conveying an interest in land, such as a mortgage, is accepted for recording, and a period of ten years elapses since the date upon which the instrument was recorded, the instrument shall be effective for all purposes regardless of any defect, irregularity, omission or failure to comply with any requirement of law relating to, *inter alia*, the validity of the acknowledgement, the certificate of acknowledgment, witnesses, attestation or proof of execution. Here, it is undisputed that the Dasilva Mortgage was

---

[96] *See Culhane*, 708 F.3d at 291; *Galvin*, 852 F.3d at 157; *Wilson*, 744 F.3d at 13; *Butler*, 748 F.3d at 35; *Wain*, 11 N.E.3d at 638; *Giannasca*, 130 N.E.3d at 1259; *Bolling*, 57 N.E.3d at 1035-36; *Anderson*, 49 N.E.3d at 685.
[97] *See Anderson*, 49 N.E.3d at 685; *Vanderhoop v. Wilmington Savings Fund Society, FSB*, Civil Action No. 18-11924-FDS, 2019 WL 134618, at *6 (D.Mass. Jan. 8, 2019)(citing *Woods v. Wells Fargo Bank, N.A.*, 733 F.3d 349, 354 (1st Cir. 2013)); *ClearVue Opp. XV, LLC v. Sheehan*, No. 14-ADMS-40015, 2015 Mass.App.Div. 125, 2015 WL 5098658, at * 12 (2015)(holding that any failings in the notarization of an assignment of mortgage would render the instrument merely voidable); *Mitchell v. U.S. Bank, Nat'l Ass'n*, No. 12 MISC 473427(RBF), 2016 WL 6043277, at *6 (Mass. Land Ct. Oct. 14, 2016)(holding that, even if successful, allegations that an assignment of mortgage was fraudulently notarized would render the instrument merely voidable).

recorded with the Plymouth County Registry of Deeds on May 13, 2005.[98] Further, the Plaintiff has not alleged, nor can she demonstrate that she commenced and recorded notice of any action with respect to the alleged defective acknowledgment clause within the ten year period provided for by Section 24. Accordingly, any defect in the acknowledgment clause of the Dasilva Mortgage was cured by statute as of May 13, 2015.

Nevertheless, it is well-settled that a certificate of acknowledgment is evidentiary in character and furnishes formal proof as to the authenticity of the execution of the instrument.[99] Based upon her own representations, the Plaintiff concedes that she did in fact grant the Dasilva Mortgage, and that the Dasilva Mortgage was duly recorded with the Registry of Deeds.[100] Because the Plaintiff's execution of the Dasilva Mortgage is not in dispute, any defect in the certificate of acknowledgement therein is immaterial.[101]

Where, as here, any defect in the certificate of acknowledgment has been cured by statute, and the Plaintiff concedes that she granted the Dasilva Mortgage, the Complaint fails to plead facts sufficient to plausibly suggest that the Dasilva Mortgage is void. As such, the Plaintiff's claim under Section 24 should be dismissed.

**H.     The Complaint Fails to State a Claim for a Temporary Restraining Order and Injunctive Relief.**

The Plaintiff's claim for a TRO and injunctive relief is premised upon the allegations pled in support of Counts I through VII of the Complaint. Where, as here, the Complaint fails to state a claim upon which relief may be granted with respect to Counts I through VII of the Complaint, the Complaint likewise fails to state a claim for a TRO and/or injunctive relief. As such, the Plaintiff's claim for a TRO and injunctive relief should be dismissed.

---

[98] *See* Complaint, ¶ 87.
[99] *See Iantosca v. Iantosca*, 324 Mass. 316, 86 N.E.2d 59, 61 (1949).
[100] *See* Complaint, ¶¶ 15, 17, 19 & 87.
[101] *See Iantosca*, 86 N.E.2d at 61.

## IV. CONCLUSION

WHEREFORE, Deutsche Bank and Franklin Credit respectfully request that this Court grant its Motion, dismiss the instant action, and for such other and further relief as this Court may deem just and proper.

                                          Respectfully Submitted,

                                          Deutsche Bank National Trust Company as Certificate Trustee on behalf of Bosco Credit II Trust Series 2010-1, and
Franklin Credit Management Corporation
By their attorneys,

Dated: January 21, 2020                    /s/ Brian C. Linehan
                                                  Brian C. Linehan, Esq. (BBO# 690437)
                                                  Reneau J. Longoria, Esq. (BBO # 635118)
                                                  Doonan, Graves & Longoria, LLC
                                                  100 Cummings Center Suite 225D
                                                  Beverly, MA 01915
                                                  Tel. (978) 921-2670
                                                  bl@dgandl.com