Return to:

Argent Mortgage Company, LLC
P.O. Box 5047
Rolling Meadows, IL 60008

Law Offices of Ralph DiChiara, Jr., P.C.
92 Montvale Avenue, Suite 4000
Stoneham, MA 02180

05-196

## MORTGAGE

THIS MORTGAGE is made this 12th        day of May, 2005        , between the Mortgagor,
ANDREIA V. DASILVA

(herein "Borrower"), and the Mortgagee,

Argent Mortgage Company, LLC

, a corporation organized and
, whose address is
existing under the laws of Delaware
One City Boulevard West    Orange, CA 92868

(herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $ 80,600.00      , which indebtedness is evidenced by Borrower's note dated May 12, 2005     and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of indebtedness, if not sooner paid, due and payable on June 1, 2035          ;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender, with power of sale, the following described property located in the County of PLYMOUTH
State of Massachusetts:
LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF:

Received & Recorded
PLYMOUTH COUNTY
REGISTRY OF DEEDS
13 MAY 2005 12:22PM
JOHN R. BUCKLEY, JR.
REGISTER
Bk 30519 Pg 261-269

Parcel ID Number: MAP/BLOCK 95-113
which has the address of      428 NORTH MAIN STREET        ,      BROCKTON
                                [Street]                                       [City]
Massachusetts       02301       (herein "Property Address");
                 [ZIP Code]

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. Funds for Taxes and Insurance. Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein

The undersigned, an attorney at law, certifies that this copy of the foregoing, furnished by undersigned has been compared by undersigned with the original and that said copy is a true complete copy thereof

VERIFICATION

Brian C. Linehan, Esq. B30#64704737

0078954393

MASSACHUSETTS - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT

Page 1 of 4

AM76MA (0311)            VMP Mortgage Solutions (800)521-7291

Initials: _____       Form 3822

0078954393 - 9602
05/12/2005 7:57:04

AM76ma1 (05/2005)Rev.03


EXHIBIT
1

"Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

0078954393

Initials:

Form 3822

**AM76MA** (0311)
0078954393  -  9602
05/12/2005  7:57:04

AM76ma2 (05/2005)Rev.03

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.**

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to any other person required by applicable law, in the manner provided by applicable law. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the person or persons legally entitled thereto.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to the earlier to occur of (i) sale of the Property pursuant to the power of sale contained in this Mortgage or (ii) entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

0078954393

Initials:

Form 3822

**AM76MA** (0311)
0078954393 · 9602
05/12/2005 7:57:04

AM76ms3 (05/2005)Rev.03

**19. Assignment of Rents; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, reasonable attorneys' fees, and then to the sums secured by this Mortgage. Lender shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Mortgage, Lender shall discharge the Mortgage without cost to Borrower. Borrower shall pay all costs of recordation, if any.

**REQUEST FOR NOTICE OF DEFAULT**
**AND FORECLOSURE UNDER SUPERIOR**
**MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or the other encumbrance with a lien which has priority over this Mortgage, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage under Seal.

_____ (Seal)
ANDREIA V. DASILVA                    -Borrower

_____ (Seal)
                                     -Borrower

_____ (Seal)
                                     -Borrower

_____ (Seal)
                                     -Borrower

*(Sign Original Only)*

The Note secured by the Mortgage has:

a Principal Sum of    80,600.00      a Period of Loan of    30 years
a Rate of Interest of    10.950      Periodic Due Dates of

**COMMONWEALTH OF MASSACHUSETTS,** _____ **County ss:**

On this __12th__ day of __May, 2005_____, _____, before me, the undersigned notary public, personally appeared

___Andreia V. DaSilva_____

_____, to me

proved to me through satisfactory evidence of identification, which was/were _____, to be the person(s) whose name(s) is/are signed on the preceding document, and acknowledged to me that he/she/they signed it voluntarily for its stated purpose.

My Commission Expires: _____ _____

Notary Public _____

STACY B. SARNO
Notary Public
Commonwealth of Massachusetts
My Commission Expires
January 19, 2012

0078954393 - 9602

05/12/2005 7:57:04 AM

## Exhibit A - Property Description

Closing date: **May 12, 2005**

Property
Address: **428 North Main Street, Brockton, Massachusetts 02301**

The following property in Brockton, Massachusetts.

The land at 428 North Main Street, Brockton, Plymouth County, Massachusetts bounded and described as follows:

Beginning at the corner of North Main and Ford Streets, at a stone post; then

Westerly by said Ford Street, one hundred and forty-one (141) feet, more or less to a fence and land now or formerly of Walter C. French; then

Southerly by said fence and land now or formerly of Walter C. French, seventy-nine (79) feet, more or less, to a fence and land now formerly of Benjamin S. Clark, formerly of Moses Blodget; then

Easterly by said fence and land now or formerly of Benjamin S. Clark, one hundred and thirty-eight (138) feet, more or less, to North Main Street; then

Northerly by said North Main Street, seventy-seven (77) feet, more or less, to Stone post and corner first named.

SAID PREMISES ARE SUBJECT TO THE FOLLOWING ENCUMBRANCES:

1.      Title to and rights of the public and others in so much of the premises as lies within the bounds of North Main Street.

For title reference see deed recorded in the Plymouth Registry of Deeds as Book 30005, Page 22.

Fot further title reference, see deed recorded herewith.

# 1-4 FAMILY RIDER
## (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this 12th day of May, 2005 ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Note to Argent Mortgage Company, LLC

(the
"Lender") of the same date and covering the Property described in the Security Instrument and located at:
428 NORTH MAIN STREET, BROCKTON, MA 02301

[Property Address]

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In addition to
the Property described in the Security Instrument, the following items now or hereafter attached to the
Property to the extent they are fixtures are added to the Property description, and shall also constitute the
Property covered by the Security Instrument: building materials, appliances and goods of every nature
whatsoever now or hereafter located in, on, or used, or intended to be used in connection with the
Property, including, but not limited to, those for the purposes of supplying or distributing heating,
cooling, electricity, gas, water, air and light, fire prevention and extinguishing apparatus, security and
access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves,
refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens,
blinds, shades, curtains and curtain rods, attached mirrors, cabinets, paneling and attached floor coverings,
all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the
Property covered by the Security Instrument. All of the foregoing together with the Property described in
the Security Instrument (or the leasehold estate if the Security Instrument is on a leasehold) are referred to
in this 1-4 Family Rider and the Security Instrument as the "Property."

0078954393

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree to or make a change in the use of the Property or its zoning classification, unless Lender has agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow any lien inferior to the Security Instrument to be perfected against the Property without Lender's prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in addition to the other hazards for which insurance is required by Section 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall assign to Lender all leases of the Property and all security deposits made in connection with leases of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until: (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument, and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii)

05/12/2005 7:57:04 AM
0078954393

Initials:

-57R (0008)

Form 3170 1/01

Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I. CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this 1-4 Family Rider.

_____ (Seal)          _____ (Seal)
ANDREIA V. DASILVA        -Borrower                                 -Borrower

_____ (Seal)          _____ (Seal)
                          -Borrower                                 -Borrower

_____ (Seal)          _____ (Seal)
                          -Borrower                                 -Borrower

_____ (Seal)          _____ (Seal)
                          -Borrower                                 -Borrower

0078954393

VMP-57R (0008)              Page 4 of 4              Form 3170 1/01
                                                     05/12/2005 7:57:04 AM

When recorded mail to
Argent Mortgage Company, LLC
P.O. Box 14130,
Orange, CA 92863-1530

Loan Number:  0078954393 - 9602

## ASSIGNMENT OF MORTGAGE

Argent Mortgage Company, LLC holder of a real estate mortgage from:
 ANDREIA V. DASILVA

dated: 05/12/05 recorded with the PLYMOUTH District/County Registry of Deeds on

as Instrument Number                     , and in Book  30519        , Pages  261-269

assigns said mortgage and the Note and claim secured thereby to:

**Deutsche Bank National Trust Company,**
**as Certicate Trustee on behalf of**
**BOSCO Credit II Trust Series 2010-1**

**"LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF"**

Executed and delivered on  05/12/2005

Argent Mortgage Company, LLC

By: _____
      Jose Burgos - Agent

**State of  New York**
**County of  Westchester**

On  05/12/2005    before me,   Cheryl Parker
personally appeared   Jose Burgos

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies), and that  by his/her/their signature(s) on the instrument
the person(s) or the entity upon behalf of which is the person(s) acted,  executed the instrument.

WITNESS my hand and notarial seal at my office in
said Westchester, New York

Dated: 05/12/2005

_____ (Seal)
Cheryl Parker

CHERYL PARKER
NOTARY PUBLIC, State of New York
No. 01PA6106551
Qualified in Bronx County
Commission Expires March 8, 2008

750-MA (Rev 08/04)

CERTIFICATION

The undersigned, an attorney at law, certifies that
this copy of the foregoing, furnished by undersigned
has been compared by undersigned with the original
and that said copy is a true complete copy thereof

Brian C. Linehan, Esq.  BBO#640431

EXHIBIT
2

## LEGAL DESCRIPTION

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF:

Property
Address:                     428 North Main Street, Brockton, Massachusetts 02301


The following property in Brockton, Massachusetts.

The land at 428 North Main Street, Brockton, Plymouth County, Massachusetts bounded and described as follows:

Beginning at the corner of North Main and Ford Streets, at a stone post; then

Westerly by said Ford Street, one hundred and forty-one (141) feet, more or less to a fence and land now or formerly of Walter C. French; then

Southerly by said fence and land now or formerly of Walter C. French, seventy-nine (79) feet, more or less, to a fence and land now formerly of Benjamin S. Clark, formerly of Moses Blodget; then

Easterly by said fence and land now or formerly of Benjamin S. Clark, one hundred and thirty-eight (138) feet, more or less, to North Main Street; then

Northerly by said North Main Street, seventy-seven (77) feet, more or less, to Stone post and corner first named.

SAID PREMISES ARE SUBJECT TO THE FOLLOWING ENCUMBRANCES:

1.       Title to and rights of the public and others in so much of the premises as lies within the bounds of North Main Street.

For title reference see deed recorded in the Plymouth Registry of Deeds as Book 30005, Page 22.

*** Electronic Recording ***
Doc#:  00114114
**Bk: 47887 Pg: 183 Page: 1 of 2**
Recorded:  12/16/2016 09:33 AM
ATTEST: John R. Buckley, Jr. Register
Plymouth County Registry of Deeds

When recorded mail to
Argent Mortgage Company, LLC
P.O. Box 14130,
Orange, CA 92863-1530

Loan Number:  0078954393 - 9602

# ASSIGNMENT  OF  MORTGAGE

Argent Mortgage Company, LLC holder of a real estate mortgage from:
ANDREIA V. DASILVA

dated: 05/12/05 recorded with the PLYMOUTH District/County Registry of Deeds on

as Instrument Number                    , and in Book  30519        , Pages  261-269

assigns said mortgage and the Note and claim secured thereby to:

> Deutsche Bank National Trust Company,
> as Certicate Trustee on behalf of
> BOSCO Credit II Trust Series 2010-1

## "LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF"

Executed and delivered on  05/12/2005

Argent Mortgage Company, LLC

By: _____
        Jose Burgos - Agent

**State of  New York**
**County of  Westchester**

On  05/12/2005    before me,  Cheryl Parker
personally appeared  Jose Burgos

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies), and that  by his/her/their signature(s) on the instrument
the person(s) or the entity upon behalf of which is the person(s) acted,  executed the instrument.

WITNESS my hand and notarial seal at my office in
said Westchester, New York

BORROWER NAME:   DASILVA

LOAN NUMBER:   0078954393 - 9602

# LEGAL DESCRIPTION

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF:

Property
Address:                    428 North Main Street, Brockton, Massachusetts 02301

The following property in Brockton, Massachusetts.

The land at 428 North Main Street, Brockton, Plymouth County, Massachusetts bounded and described
as follows:

Beginning at the corner of North Main and Ford Streets, at a stone post; then

Westerly by said Ford Street, one hundred and forty-one (141) feet, more or less to a fence and land now
or formerly of Walter C. French; then

Southerly by said fence and land now or formerly of Walter C. French, seventy-nine (79) feet, more or
less, to a fence and land now formerly of Benjamin S. Clark, formerly of Moses Blodget; then

Easterly by said fence and land now or formerly of Benjamin S. Clark, one hundred and thirty-eight (138)
feet, more or less, to North Main Street; then

Northerly by said North Main Street, seventy-seven (77) feet, more or less, to Stone post and corner first
named.

SAID PREMISES ARE SUBJECT TO THE FOLLOWING ENCUMBRANCES:

1.        Title to and rights of the public and others in so much of the premises as lies within the bounds of
North Main Street.

For title reference see deed recorded in the Plymouth Registry of Deeds as Book 30005, Page 22.

**Bk: 51613 Pg: 229**



2019 00074064
Bk: 51613 Pg: 229 Page: 1 of 5
Recorded: 09/09/2019 10:43 AM
ATTEST: John R. Buckley, Jr. Register
Plymouth County Registry of Deeds

# FORECLOSURE DEED

Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 , having its usual place of business at 1761 East St. Andrew Place, Santa Ana, CA 92705, holder of a mortgage from Andreia V. DaSilva to Argent Mortgage Company, LLC dated May 12, 2005, and recorded at the Plymouth County Registry of Deeds in Book 30519, Page 261; assigned to Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 by virtue of an assignment dated May 12, 2005; and recorded at the Plymouth County Registry of Deeds in Book 47887, Page 183; by the power conferred by said mortgage and every other power, for One Hundred Nineteen Thousand Seven Hundred Twenty-Four and 00/100 Dollars ($119,724.00) paid, grants to Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 , with a mailing address of: 101 Hudson Street, Jersey City, NJ 07302, the real property with the buildings and improvements thereon, if any, situated in Brockton, Plymouth County, Massachusetts, which real property is fully described in Schedule "A" attached hereto and made part hereof by reference, being the premises conveyed by said Mortgage.

PROPERTY ADDRESS: 428 North Main Street, Brockton, MA 02301

Executed under seal the ___20th___ day of ___Aug___, 2019.

MASSACHUSETTS EXCISE TAX
Plymouth District ROD #11 001
Date: 09/09/2019 10:43 AM
Ctrl# 128180 21596 Doc# 00074064
Fee: $547.20 Cons: $119,724.00

~~CANCELLED~~

Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1, by its Attorney-in-Fact, Franklin Credit Management Corporation

by: _Melissa Olivera_

its: _Foreclosure Manager, AVP_

See Limited Power of Attorney recorded at Book 48172, Page 316

State of _New Jersey_ )
County of _Hudson_ )

ss.

On this _20_ day of _August_, 2019, before me, the undersigned notary public, personally appeared _Melissa Olivera_ the _Foreclosure Manager_ for Franklin Credit Management Corporation, Attorney-in-Fact for Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 proved to me through satisfactory evidence of identification, which was _License_, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that (he)(she) signed it voluntarily for its stated purposes, and acknowledged the preceding or attached document to be the free act and deed of Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1.

_____ (Affix Seal)
Notary signature
My Commission Expires _____

The undersigned, an attorney at law, certifies that this copy of the foregoing, furnished by undersigned has been compared by undersigned with the original and that said copy is a true complete copy thereof
C. Linden, Esq. BBO #649043Y

*The undersigned, an attorney at law, certifies that this copy of the foregoing, furnished by undersigned has been compared by undersigned with the original and that said copy is a true complete copy thereof*
*C. Linden, Esq. BBO #649043Y*

**EXHIBIT 3**

SCHEDULE "A"

The following property in Brockton, Massachusetts. The land at 428 North Main Street, Brockton, Plymouth County, Massachusetts bounded and described as follows:

Beginning at the corner of North Main and Ford Streets, at a stone post;

then Westerly by said Ford Street, one hundred and forty-one (141) feet, more or less to a fence and land now or formerly of Walter C. French;

then Southerly by said fence and land now or formerly of Walter C. French, seventy-nice (79( feet, more or less, to a fence and land now formerly of Benjamin S. Clark, formerly of Moses Blodget;

then Easterly by said fence and land now or formerly of Benjamin S. Clark, one hundred and thirty-eight (138) feet, more or less, to North Main Street;

then Northerly by said North main Street, seventy-seven (77) feet, more or less, to Stone post and corner first named.

SAID PREMISES ARE SUBJECT TO THE FOLLOWING ENCUMBRANCES:

1. Title to and rights to the public and others in so much of the premises as lies within the bounds of North Main Street.
2. For title reference see deed recorded in the Plymouth Registry of Deeds as Book 30005, Page 22. For further title reference, see deed recorded herewith.

Subject to and with the benefit of easements, reservation, restrictions, and taking of record, if any, insofar as the same are now in force and applicable.

In the event of any typographical error set forth herein in the legal description of the premises, the description as set forth and contained in the mortgage shall control by reference.

## AFFIDAVIT

I, ___Melissa Olivera___, being the duly authorized ____**____ of Franklin Credit **Foreclosure Manager, AVP
Management Corporation, as Attorney-in-Fact for Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 , named in the foregoing deed, make oath and say that, the principal, interest, and tax obligations mentioned in the mortgage as more particularly described in the Foreclosure Deed recorded herewith were not paid or tendered or performed when due or prior to the sale. In compliance with G.L. c. 244 § 14; Franklin Credit Management Corporation, Attorney-in-Fact for Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 , caused a notice of sale to be published in the Enterprise, a newspaper published, or by its title page purporting to be published in Brockton, Plymouth County, Massachusetts for three (3) consecutive weeks: May 24, 2019, May 31, 2014, and June 7, 2019, notice of which the following is a true copy:

### SEE EXHIBIT "A" ATTACHED HERETO AND MADE PART HEREOF

Franklin Credit Management Corporation, as Attorney-in-Fact for Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 , has also complied with Chapter 244, § 14 of the General Laws of Massachusetts and all amendments thereto, and 26 U.S.C. § 7425(c) of the Internal Revenue Code (if applicable) by mailing the required notices via certified mail to the owner of the equity of redemption appearing on our records as of thirty (30) days prior to the sale, to the last known address of said owner of the equity of redemption, and all other persons of record holding an interest in the property junior to the mortgage being foreclosed, return receipt requested, as well as regular mail, thereby complying in all respects with the power of sale.

Pursuant to said notice, on June 19, 2019, at 12:00 PM, at which time and place upon the mortgaged premises, Franklin Credit Management Corporation, Attorney-in-Fact for Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 , sold the mortgaged premises at public auction by Sandra Monroe of Monroe Auction Group, a licensed auctioneer, to Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit

II Trust Series 2010-1 , for One Hundred Nineteen Thousand Seven Hundred Twenty-Four and 00/100 ($119,724.00) Dollars, being the highest bid made therefore at said auction.

by _____

its: ___Foreclosure Manager, AVP___

State of __NJ__
County of __Hudson__ )  ss.

On this __20__ day of __August__ 2019, before me, the undersigned notary public, personally appeared __Melissa Oeyze__ proved to me through satisfactory evidence of identification, which was __valid drivers licn.__ be the person whose name is signed on the preceding or attached document, who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his/her knowledge and belief.

_____ (Affix Seal)
Notary signature
My Commission Expires __2/15/22__

GINA D'ELIA
Commission # 2417289
Notary Public, State of New Jersey
My Commission Expires
2/15/22

GINA D'ELIA
NOTARY
PUBLIC
NEW JERSEY

53390

EXHIBIT "A"

NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE By virtue and in execution of the Power of Sale contained in a certain mortgage given by Andreia V. DaSilva to Argent Mortgage Company, LLC dated May 12, 2005, recorded at the Plymouth County Registry of Deeds in Book 30519, Page 261; said mortgage was then assigned to Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 by virtue of an assignment dated May 12, 2005, and recorded in Book 47887, Page 183; of which mortgage the undersigned is the present holder for breach of conditions of said mortgage and for the purpose of foreclosing the same will be sold at PUBLIC AUCTION at 12:00 PM on June 19, 2019, on the mortgaged premises. This property has the address of 428 North Main Street, Brockton, MA 02301. The entire mortgaged premises, all and singular, the premises as described in said mortgage: The following property in Brockton, Massachusetts. The land at 428 North Main Street, Brockton, Plymouth County, Massachusetts bounded and described as follows: Beginning at the corner of North Main and Ford Streets, at a stone post; then Westerly by said Ford Street, one hundred and forty-one (141) feet, more or less to a fence and land now or formerly of Walter C. French; then Southerly by said fence and land now or formerly of Walter C. French, seventy-nice (79( feet, more or less, to a fence and land now formerly of Benjamin S. Clark, formerly of Moses Blodget; then Easterly by said fence and land now or formerly of Benjamin S. Clark, one hundred and thirty-eight (138) feet, more or less, to North Main Street; then Northerly by said North main Street, seventy-seven (77) feet, more or less, to Stone post and corner first named. SAID PREMISES ARE SUBJECT TO THE FOLLOWING ENCUMBRANCES: 1. Title to and rights to the public and others in so much of the premises as lies within the bounds of North Main Street. For title reference see deed recorded in the Plymouth Registry of Deeds as Book 30005, Page 22. Fot further title reference, see deed recorded herewith. Subject to and with the benefit of easements, reservation, restrictions, and taking of record, if any, insofar as the same are now in force and applicable. In the event of any typographical error set forth herein in the legal description of the premises, the description as set forth and contained in the mortgage shall control by reference. Together with all the improvements now or hereafter erected on the property and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this sale. Terms of Sale: Said premises will be sold subject to any and all unpaid taxes and assessments, tax sales, tax titles and other municipal liens and water or sewer liens and State or County transfer fees, if any there are, and TEN THOUSAND DOLLARS ($10,000.00) in cashier's or certified check will be required to be paid by the purchaser at the time and place of the sale as a deposit and the balance in cashier's or certified check will be due in thirty (30) days, at the offices of Doonan, Graves & Longoria, LLC ("DG&L"), time being of the essence. The Mortgagee reserves the right to postpone the sale to a later date by public proclamation at the time and date appointed for the sale and to further postpone at any adjourned sale date by public proclamation at the time and date appointed for the adjourned sale date. The premises to be sold subject to and with the benefit of all easements, restrictions, leases, tenancies, and rights of possession, building and zoning laws, encumbrances, condominium liens, if any and all other claim in the nature of liens, if any there be. In the event that the successful bidder at the foreclosure sale shall default in purchasing the within described property according to the terms of this Notice of Sale and/or the terms of the Memorandum of Sale executed at the time of foreclosure, the Mortgagee reserves the right to sell the property by foreclosure deed to the second highest bidder, providing that said second highest bidder shall deposit with the Mortgagee's attorneys, the amount of the required deposit as set forth herein. If the second highest bidder declines to purchase the within described property, the Mortgagee reserves the right to purchase the within described property at the amount bid by the second highest bidder. The foreclosure deed and the consideration paid by the successful bidder shall be held in escrow by DG&L, (hereinafter called the "Escrow Agent") until the deed shall be released from escrow to the successful bidder at the same time as the consideration is released to the Mortgagee, whereupon all obligations of the Escrow Agent shall be deemed to have been properly fulfilled and the Escrow Agent shall be discharged. Other terms, if any, to be announced at the sale. Dated: May 15, 2019 Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 By its Attorney DOONAN, GRAVES & LONGORIA, LLC, 100 Cummings Center, Suite 225D, Beverly, MA 01915 (978) 921-2670 www.dgandl.com 53390 (DASILVA) 05/24/19, 05/31/19, 06/07/19

Skip to main content

# 1983CV00659 Dasilva, Andreia V vs. Argent Mortgage Company, LLC et al

- Case Type
- Equitable Remedies
- Case Status
- Open
- File Date
- 06/19/2019
- DCM Track:
- F - Fast Track
- Initiating Action:
- Injunction
- Status Date:
- 06/19/2019
- Case Judge:
-
- Next Event:
-

| All information | Party | Event | Tickler | Docket | Disposition |

## Party Information

**Dasilva, Andreia V**
- Plaintiff

| Alias | Party Attorney |
|---|---|
| | • Attorney |
| | • Perez-Kudzma, Esq., Carmenelisa |
| | • Bar Code |
| | • 633520 |
| | • Address |
| | • Perez-Kudzma Law Office, P.C. |
| |   35 Main St |
| |   Suite 1 |
| |   Wayland, MA  01778 |
| | • Phone Number |
| | • (978)505-3333 |
| | • Attorney |
| | • Pro Se |
| | • Bar Code |
| | • PROPER |
| | • Address |
| | • Phone Number |
| | • |

More Party Information

**Argent Mortgage Company, LLC**
- Defendant

| Alias | Party Attorney |
|---|---|
| | |

More Party Information

**DLJ Mortgage Capital Inc.**
- Defendant

| Alias | Party Attorney |
|---|---|
| | |

More Party Information

**Asset Baked Securities Corporation**
- Defendant

| Alias | Party Attorney |
|---|---|
| | |

More Party Information

**US Bank, NA**
- Defendant

| Alias | Party Attorney |
|---|---|
| | |

**EXHIBIT**

**4**

tabbies®

**Mortgage Electronic Registration Services, Inc**
**- Defendant**

| Alias | | Party Attorney | |
|-------|--|----------------|--|

More Party Information

## Events

| Date | Session | Location | Type | Event Judge | Result |
|------|---------|----------|------|-------------|--------|
| 06/24/2019 02:00 PM | Civil C | BRO-2nd FL, CR 3 (SC) | Hearing on Preliminary Injunction | | Held as Scheduled |
| 08/15/2019 02:00 PM | Civil C | BRO-2nd FL, CR 3 (SC) | Conference to Review Status | | Rescheduled |
| 09/03/2019 02:00 PM | Civil C | BRO-2nd FL, CR 3 (SC) | Conference to Review Status | | Rescheduled |
| 09/18/2019 02:00 PM | Civil C | BRO-2nd FL, CR 3 (SC) | Conference to Review Status | | Held as Scheduled |

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---------|-----------|----------|----------|----------------|
| Service | 06/19/2019 | 09/17/2019 | 90 | 12/30/2019 |
| Answer | 06/19/2019 | 10/17/2019 | 120 | 12/30/2019 |
| Rule 12/19/20 Served By | 06/19/2019 | 10/17/2019 | 120 | 12/30/2019 |
| Rule 12/19/20 Filed By | 06/19/2019 | 11/18/2019 | 152 | 12/30/2019 |
| Rule 12/19/20 Heard By | 06/19/2019 | 12/16/2019 | 180 | 12/30/2019 |
| Rule 15 Served By | 06/19/2019 | 10/17/2019 | 120 | 12/30/2019 |
| Rule 15 Filed By | 06/19/2019 | 11/18/2019 | 152 | 12/30/2019 |
| Rule 15 Heard By | 06/19/2019 | 12/16/2019 | 180 | 12/30/2019 |
| Discovery | 06/19/2019 | 04/14/2020 | 300 | 12/30/2019 |
| Rule 56 Served By | 06/19/2019 | 05/14/2020 | 330 | 12/30/2019 |
| Rule 56 Filed By | 06/19/2019 | 06/15/2020 | 362 | 12/30/2019 |
| Final Pre-Trial Conference | 06/19/2019 | 10/13/2020 | 482 | 12/30/2019 |
| Judgment | 06/19/2019 | 06/18/2021 | 730 | 12/30/2019 |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|-------------|-------------|---------------|--------------|
| 06/19/2019 | Attorney appearance<br>On this date Pro Se added as Self Represented for Plaintiff Andreia V Dasilva | | |
| 06/19/2019 | Case assigned to:<br>DCM Track F - Fast Track was added on 06/19/2019 | | |
| 06/19/2019 | Original civil complaint filed. | 1 | Image |
| 06/19/2019 | Civil action cover sheet filed. | 2 | Image |
| 06/19/2019 | Self-Represented Plaintiff(s) Andreia V Dasilva's Application for a Temporary Restraining Order preliminary injunction, and declaratory relief | 3 | Image |
| 06/19/2019 | Endorsement on Application for a Temporary Restraining Order , preliminary injunction, and declaratory relief (#3.0): ALLOWED<br>See order of this date. | | |
| 06/19/2019 | ORDER: Temporary Restraining Order | 4 | Image |

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|---|---|---|---|
| 06/19/2019 | On Andreia V Dasilva's application for a Temporary Restraining Order a Summons and Temporary Restraining order issued against Argent Mortgage Company, LLC, DLJ Mortgage Capital Inc., Asset Baked Securities Corporation, US Bank, NA Trustee for Secuized Trust Asset Backed Securities Home Equity Loan NC 2005-HE4 Trust, Mortgage Electronic Registration Services, Inc Also Known As MERS after payment of $90.00, returnable on 06/24/2019 02:00 PM Hearing on Preliminary Injunction. Until such hearing, the named party and their various attorneys and agents must: | 5 | Image |
| 06/24/2019 | Event Result:: Hearing on Preliminary Injunction scheduled on: 06/24/2019 02:00 PM Has been: Held as Scheduled Comments: FTR Both sides present. Foreclosure took place due to the correct defendants not be properly named or served. Preliminary Injunction is now moot. Hon. Mark A Hallal, Presiding | | |
| 06/24/2019 | Attorney appearance On this date Carmenelisa Perez-Kudzma, Esq. added as Limited Appearance Counsel for Plaintiff Andreia V Dasilva | 6 | |
| 06/24/2019 | Endorsement on Application for temporary restraining order, preliminary injunction, and declaratory relief (#3.0): ALLOWED T.R.O. is not extended today, and no PI issues as the request for injunctive relief is now moot the property having been sold at foreclosure, proper mortgage not being served. Judge: Hallal, Hon. Mark A | | |
| 08/14/2019 | Status conference scheduled for 8/15/19 at 2:00 p.m. will not be reached by Court. Plaintiff's counsel notified via telephone who will let all other parties know. Status conference rescheduled to 9/3/19 @ 2:00 p.m. (to be held before Hallal, J.) Notice to be sent. Case to return to B Session after this status conference. | | |
| 08/14/2019 | The following form was generated: A Notice to Appear was generated and sent to: Plaintiff: Carmenelisa Perez-Kudzma, Esq. Defendant: Argent Mortgage Company, LLC Defendant: DLJ Mortgage Capital Inc. Defendant: Asset Baked Securities Corporation Defendant: US Bank, NA Defendant: Mortgage Electronic Registration Services, Inc | | |
| 09/03/2019 | Plaintiff Andreia V Dasilva's Motion to continue hearing | 7 | |
| 09/03/2019 | Event Result:: Conference to Review Status scheduled on: 09/03/2019 02:00 PM Has been: Rescheduled     For the following reason: Request of Plaintiff Hon. Mark A Hallal, Presiding | | |
| 09/03/2019 | Endorsement on Motion to continue (#7.0): ALLOWED continued to 9/18/19 at 2PM for status (Hallal, J) Judge: Hallal, Hon. Mark A | | |
| 09/18/2019 | Case called for Conference to Review Status. Plaintiff moves to dismiss this matter without prejudice (oral motion). That motion is ALLOWED. Judgment of voluntary dismissal to issue. | | |
| 09/23/2019 | Judgment: Dismissal MRCP 41(b)(2) after motion, for Defendant(s) Argent Mortgage Company, LLC, DLJ Mortgage Capital Inc., Asset Baked Securities Corporation, US Bank, NA Trustee for Secuized Trust Asset Backed Securities Home Equity Loan NC 2005-HE4 Trust, Mortgage Electronic Registration Services, Inc Also Known As MERS as to Plaintiff(s), Andreia V Dasilva, without prejudice. Judge: Hallal, Hon. Mark A | 8 | Image |

## Case Disposition

| Disposition | Date | Case Judge |
|---|---|---|
| Judgment after Finding on Motion | 09/23/2019 | |

# AFFIDAVIT

428 North Main Street, Brockton, MA 02301

I, Jessica Dean, of Doonan, Graves & Longoria, LLC, a Massachusetts Law Firm with a usual place of business at 100 Cummings Center, Suite 225D, Beverly, MA 01915, do hereby certify on behalf of Doonan, Graves & Longoria, LLC that notice was made in compliance with M.G.L. Chapter 244, Sections 14 and 17B to all interested parties including **Andreia V. DaSilva, and Spouse of Andreia V. DaSilva,** of a certain mortgage given by Andreia V. DaSilva to Argent Mortgage Company, LLC dated May 12, 2005 and recorded at the Plymouth County Registry of Deeds in Book 30519, Page 261. All notices and related copies of the Notice of Mortgagee's Sale and Intent to Pursue Deficiency After Mortgage Foreclosure, were prepared and deposited via first-class U.S. Mail and U.S. Certified Mail on May 29 , 2019 in compliance with said M.G.L., Chapter 244, Sections 14 and 17B.

_____
Witness

_____
Jessica Dean

Commonwealth of Massachusetts

County of Essex

Before me, a notary public, on this 29th day of May , 2019, personally appeared Jessica Dean, known to me to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and accurate.

_____
Notary Public
My Commission Expires:

SUSAN P. DOYLE
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
August 7, 2020

## CERTIFICATION

The undersigned, an attorney at law, certifies that this copy of the foregoing, furnished by undersigned has been compared by undersigned with the original and that said copy is a true complete copy thereof

_____
Brian C. Linehan, Esq. BBO #660437

EXHIBIT
5

## DOONAN, GRAVES & LONGORIA, LLC
### ATTORNEYS AT LAW

Serving Massachusetts, Maine,
New York & New Hampshire
Hours: Monday – Friday 9 am – 4 pm
www.dgandl.com

100 Cummings Center, Suite 225D
Beverly, Massachusetts 01915
TEL: (978) 921-2670
FAX: (978) 921-4870

## NOTICE OF INTENT TO FORECLOSE MORTGAGE AND INTENT TO PURSUE DEFICIENCY AFTER FORECLOSURE OF MORTGAGE

May 28, 2019

Andreia V. DaSilva
428 North Main Street
Brockton, MA 02301

VIA CERTIFIED MAIL

RE:     428 North Main Street, Brockton, MA 02301

You are hereby notified, pursuant to Massachusetts General Laws, Chapter 244, §14, of the intention of Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 , on or after June 19, 2019 at 12:00 PM to foreclose by sale, under the power of sale for breach of conditions, the mortgage given by Andreia V. DaSilva to Argent Mortgage Company, LLC dated May 12, 2005 and recorded at the Plymouth County Registry of Deeds in Book 30519, Page 261, to secure a note of the same date given by you, for the whole or part, of which you may be liable to the aforesaid Lender in case of a deficiency in the proceeds of the foreclosure sale.

Very truly yours,
Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1

by:     _____
Reneau J. Longoria, Esq., Bar No. 635118
Brian C. Linehan, Esq., Bar No. 690437
Patrick D. Beaton, Esq., Bar No. 661215
Elizabeth W. Dailey, Esq., Bar No. 562178
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670

Refer to the Auctioneer's Website:  http://www.monroeauctiongroup.com

*No deficiency after the foreclosure sale may be pursued if you have obtained or will obtain a Chapter 7 bankruptcy discharge that covers your obligation under the note secured by the mortgage referred to above.  Please be advised that this is not an attempt to collect a debt but is required pursuant to Massachusetts General Laws, Chapter 244, §14, to foreclose the mortgage lien*

*Enclosures: Notice of Mortgagee's Sale*

# NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE

By virtue and in execution of the Power of Sale contained in a certain mortgage given by **Andreia V. DaSilva** to Argent Mortgage Company, LLC dated May 12, 2005, recorded at the Plymouth County Registry of Deeds in Book 30519, Page 261; said mortgage was then assigned to Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 by virtue of an assignment dated May 12, 2005, and recorded in Book 47887, Page 183; of which mortgage the undersigned is the present holder for breach of conditions of said mortgage and for the purpose of foreclosing the same will be sold at PUBLIC AUCTION at 12:00 PM on **June 19, 2019**, on the mortgaged premises. This property has the address of 428 North Main Street, Brockton, MA 02301. The entire mortgaged premises, all and singular, the premises as described in said mortgage:

The following property in Brockton, Massachusetts. The land at 428 North Main Street, Brockton, Plymouth County, Massachusetts bounded and described as follows: Beginning at the corner of North Main and Ford Streets, at a stone post; then Westerly by said Ford Street, one hundred and forty-one (141) feet, more or less to a fence and land now or formerly of Walter C. French; then Southerly by said fence and land now or formerly of Walter C. French, seventy-nice (79( feet, more or less, to a fence and land now formerly of Benjamin S. Clark, formerly of Moses Blodget; then Easterly by said fence and land now or formerly of Benjamin S. Clark, one hundred and thirty-eight (138) feet, more or less, to North Main Street; then Northerly by said North main Street, seventy-seven (77) feet, more or less, to Stone post and corner first named. SAID PREMISES ARE SUBJECT TO THE FOLLOWING ENCUMBRANCES: 1. Title to and rights to the public and others in so much of the premises as lies within the bounds of North Main Street. For title reference see deed recorded in the Plymouth Registry of Deeds as Book 30005, Page 22. Fot further title reference, see deed recorded herewith.

Subject to and with the benefit of easements, reservation, restrictions, and taking of record, if any, insofar as the same are now in force and applicable. In the event of any typographical error set forth herein in the legal description of the premises, the description as set forth and contained in the mortgage shall control by reference. Together with all the improvements now or hereafter erected on the property and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this sale.

**Terms of Sale:** Said premises will be sold subject to any and all unpaid taxes and assessments, tax sales, tax titles and other municipal liens and water or sewer liens and State or County transfer fees, if any there are, and TEN THOUSAND DOLLARS ($10,000.00) in cashier's or certified check will be required to be paid by the purchaser at the time and place of the sale as a deposit and the balance in cashier's or certified check will be due in thirty (30) days, at the offices of Doonan, Graves & Longoria, LLC ("DG&L"), time being of the essence. The Mortgagee reserves the right to postpone the sale to a later date by public proclamation at the time and date appointed for the sale and to further postpone at any adjourned sale-date by public proclamation at the time and date appointed for the adjourned sale date. The premises is to be sold subject to and with the benefit of all easements, restrictions, leases, tenancies, and rights of possession, building and zoning laws, encumbrances, condominium liens, if any and all other claim in the nature of liens, if any there be.

In the event that the successful bidder at the foreclosure sale shall default in purchasing the within described property according to the terms of this Notice of Sale and/or the terms of the Memorandum of Sale executed at the time of foreclosure, the Mortgagee reserves the right to sell the property by foreclosure deed to the second highest bidder, providing that said second highest bidder shall deposit with the Mortgagee's attorneys, the amount of the required deposit as set forth herein. If the second highest bidder declines to purchase the within described property, the Mortgagee reserves the right to purchase the within described property at the amount bid by the second highest bidder. The foreclosure deed and the consideration paid by the successful bidder shall be held in escrow by DG&L, (hereinafter called the "Escrow Agent") until the deed shall be released from escrow to the successful bidder at the same time as the consideration is released to the Mortgagee, whereupon all obligations of the Escrow Agent shall be deemed to have been properly fulfilled and the Escrow Agent shall be discharged. Other terms, if any, to be announced at the sale.

Dated: May 15, 2019 Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1
By its Attorney DOONAN, GRAVES & LONGORIA, LLC, 100 Cummings Center, Suite 225D, Beverly, MA 01915 (978) 921-2670 www.dgandl.com 53390 (DASILVA)
05-24-2019, 05-31-2019, 06-07-2019

**Certification Pursuant to Massachusetts 209 CMR 18.21A(2)(c)**

**Loan Number: 1000000462**
**Borrower(s) Name(s):** Andreia V. DaSilva
**Property Address:** 428 North Main Street, Brockton, MA 02301

I am employed as a _____ Foreclosure Analyst _____ by Franklin Credit Management Corporation, the servicer for the mortgage loan that is the subject of this action. I have personal knowledge of the facts contained in this Affidavit as follows: I am familiar with the systems of record that Franklin Credit Management Corporation uses to record and create information related to the residential mortgage loans that it services, including the processes by which Franklin Credit Management Corporation obtains the loan information in those systems. While many of those processes are automated, the information manually entered by Franklin Credit Management Corporation employees relating to loans on those systems is based upon personal knowledge of the information and is entered into the system at or near the time the knowledge was acquired. These computerized records are created and maintained in the regular course of its business as a loan servicer and Franklin Credit Management Corporation relies on the records in the ordinary course to conduct its business as a loan servicer.

I hereby certify the following regarding the above-referenced mortgage loan:

Franklin Credit Management Corporation services the mortgage loan on the property located at the address referenced above. You signed and executed a promissory note secured by a mortgage in which you agreed to repay your debt at agreed upon terms. Because you have not fulfilled the terms of the repayment agreement, foreclosure pursuant to a notice of sale is being undertaken on the mortgaged property.

The Mortgage is described as follows:

**Mortgage:** Andreia V. DaSilva to Argent Mortgage Company, LLC, dated May 12, 2005, and recorded at the Plymouth County Registry of Deeds in Book 30519, Page 261.

Said mortgage was then assigned to Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 by virtue of an assignment dated May 12, 2005, and recorded in Book 47887, Page 183.

The promissory note was given to Argent Mortgage Company, LLC.

The promissory note is currently owned by Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1. Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 is in possession of the note or otherwise has the authority to enforce payment and pursue foreclosure of the mortgaged property on behalf of the owner.

A copy of the note with all endorsements is included with this Certification.

Signed this ___19th___ day of ___July___, 2018.

Name: Daniel Tripi
Title: Foreclosure Analyst

*** Electronic Recording ***
Doc#: 00114114
**Bk: 47887 Pg: 183 Page: 1 of 2**
Recorded: 12/16/2016 09:33 AM
ATTEST: John R. Buckley, Jr. Register
Plymouth County Registry of Deeds

When recorded mail to
Argent Mortgage Company, LLC
P.O. Box 14130,
Orange, CA 92863-1530

Loan Number: 0078954393 - 9602

## ASSIGNMENT OF MORTGAGE

Argent Mortgage Company, LLC holder of a real estate mortgage from:
ANDREIA V. DASILVA

dated: 05/12/05 recorded with the PLYMOUTH District/County Registry of Deeds on

as Instrument Number , and in Book 30519 , Pages 261-269

assigns said mortgage and the Note and claim secured thereby to:

Deutsche Bank National Trust Company,
as Certicate Trustee on behalf of
BOSCO Credit II Trust Series 2010-1

"LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF"

Executed and delivered on 05/12/2005

Argent Mortgage Company, LLC

By:
Jose Burgos - Agent

State of New York
County of Westchester

On 05/12/2005 before me, Cheryl Parker
personally appeared Jose Burgos

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s) or the entity upon behalf of which is the person(s) acted, executed the instrument.

WITNESS my hand and notarial seal at my office in
said Westchester, New York

BORROWER NAME:   DASILVA

LOAN NUMBER:  0078954393 - 9602

## LEGAL DESCRIPTION

LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF:

Property
Address:                         428 North Main Street, Brockton, Massachusetts 02301

The following property in Brockton, Massachusetts.

The land at 428 North Main Street, Brockton, Plymouth County, Massachusetts bounded and described as follows:

Beginning at the corner of North Main and Ford Streets, at a stone post; then

Westerly by said Ford Street, one hundred and forty-one (141) feet, more or less to a fence and land now or formerly of Walter C. French; then

Southerly by said fence and land now or formerly of Walter C. French, seventy-nine (79) feet, more or less, to a fence and land now formerly of Benjamin S. Clark, formerly of Moses Blodget; then

Easterly by said fence and land now or formerly of Benjamin S. Clark, one hundred and thirty-eight (138) feet, more or less, to North Main Street; then

Northerly by said North Main Street, seventy-seven (77) feet, more or less, to Stone post and corner first named.

SAID PREMISES ARE SUBJECT TO THE FOLLOWING ENCUMBRANCES:

1.      Title to and rights of the public and others in so much of the premises as lies within the bounds of North Main Street.

For title reference see deed recorded in the Plymouth Registry of Deeds as Book 30005, Page 22.

# FIXED RATE NOTE

May 12, 2005
[Date]

White Plains
[City]

NY
[State]

428 NORTH MAIN STREET, BROCKTON, MA 02301
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for the loan that I have received today, I promise to pay U.S. $ 80,600.00 (this amount will be called "Principal"), plus interest as set forth herein, to the order of the Lender. The Lender is **Argent Mortgage Company, LLC**

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is

### 2. INTEREST

I will pay interest at a yearly rate of **10.950** %. Interest will be charged on unpaid Principal until the full amount of Principal has been paid.

### 3. PAYMENTS

I will pay Principal and interest by making payments each month of U.S. $ 764.53 I will make my monthly payments on the first day of each month beginning on **July 1, 2005** .
I will make these payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this Note.
If, on **June 1, 2035** I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my payments at:

505 City Parkway West, Suite 100, Orange, CA 92868
or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED

#### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **3.000** % of my overdue payment of Principal and interest.

#### (B) Notice from Note Holder

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered me.

#### (C) Default

If I do not pay the overdue amount by the date stated in the notice described in Section (B) above, I will be in default. If I am in default, the Note Holder may require me to immediately pay the full amount of Principal which has not been paid and all the interest that I owe on that amount. Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

#### (D) Payment of Note Holder's Costs and Expenses

If the Note Holder requires me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 5. THIS NOTE SECURED BY A MORTGAGE

In addition to the protections given to the Note Holder under this Note, a Mortgage, dated **May 12, 2005** , protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Mortgage describes how and under what conditions I may be required to make immediate payment in full of all amounts that I owe under this Note.

Initials:

**WALZ CERTIFIED MAILER®**

**FROM** **WALZ**

FORM #45663 VERSION: E0716

**U.S. Postal Service®**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

USPS® ARTICLE NUMBER
9414 7266 9904 2136 6161 36

Label #1

Andreia V. DaSilva
428 North Main Street
Brockton, MA 02301

Label #2

Andreia V. DaSilva
428 North Main Street
Brockton, MA 02301

Label #3

Andreia V. DaSilva
428 North Main Street
Brockton, MA 02301

| | | |
|---|---|---|
| Certified Mail Fee | $ 6.95 | |
| Return Receipt (Hardcopy) | $ | **MAY 2 9 2019** |
| Return Receipt (Electronic) | $ | Postmark Here |
| Certified Mail Restricted Delivery | $ | |
| Postage | $ .65 | |
| Total Postage and Fees | $ 7.60 | |

Sent to:

Andreia V. DaSilva
428 North Main Street
Brockton, MA 02301

Reference Information

JD/AM
Andreia V. DaSilva
53390

PS Form 3800, Facsimile, July 2015

← TEAR ALONG THIS LINE

**A** FOLD AND TEAR THIS WAY → OPTIONAL

**B** Label #5 (OPTIONAL)

Label #4

**Certified Article Number**
9414 7266 9904 2136 6161 36
**SENDER'S RECORD**

Label #6 - Return Receipt Barcode (Sender's Record)



9590 9266 9904 2136 6161 39

Label #7 - Certified Mail Article Number

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

9414 7266 9904 2136 6161 36

FOLD AND TEAR THIS WAY →

**C** FOLD AND TEAR THIS WAY →

Return Receipt (Form 3811) Barcode

9590 9266 9904 2136 6161 39

1. Article Addressed to:

Andreia V. DaSilva
428 North Main Street
Brockton, MA 02301

2. Certified Mail (Form 3800) Article Number
9414 7266 9904 2136 6161 36

PS Form 3811, Facsimile, July 2015

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X ☐ Agent ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery
Reference Information

JD/AM
Andreia V. DaSilva
53390

Domestic Return Receipt

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Thank you for using Return Receipt Service

Thank you for using Return Receipt Service

# USPS Tracking®

**Track Another Package +**

**Tracking Number:** 9414726699042136616136

Remove ✕

Your item could not be delivered on June 17, 2019 at 6:14 pm in BROCKTON, MA 02302. It was held for the required number of days and is being returned to the sender.

## Alert

June 17, 2019 at 6:14 pm
Unclaimed/Being Returned to Sender
BROCKTON, MA 02302

Get Updates ⌄

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌃

**June 17, 2019, 6:14 pm**
Unclaimed/Being Returned to Sender
BROCKTON, MA 02302
Your item could not be delivered on June 17, 2019 at 6:14 pm in BROCKTON, MA 02302. It was held for the required number of days and is being returned to the sender.

Reminder to Schedule Redelivery of your item

**May 31, 2019, 12:02 pm**
Notice Left (No Authorized Recipient Available)
BROCKTON, MA 02301

**May 31, 2019, 8:22 am**
Out for Delivery
BROCKTON, MA 02301

**May 31, 2019, 8:12 am**
Sorting Complete
BROCKTON, MA 02301

**May 31, 2019, 6:01 am**
Departed USPS Regional Facility
BROCKTON MA DISTRIBUTION CENTER

**May 31, 2019, 5:24 am**
Arrived at Unit
BROCKTON, MA 02302

**May 30, 2019, 9:35 am**
Arrived at USPS Regional Facility
BROCKTON MA DISTRIBUTION CENTER

Feedback

**May 30, 2019, 12:41 am**
Arrived at USPS Regional Facility
BOSTON MA DISTRIBUTION CENTER

---

**Product Information**                                                  ⌄

---

See Less ⌃

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)**

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

• See images* of incoming mail.

• Automatically track the packages you're expecting.

• Set up email and text alerts so you don't need to enter tracking numbers.

• Enter USPS Delivery Instructions™ for your mail carrier.

**Sign Up**

**(https://reg.usps.com/entreg/Registratio**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.

Feedback



Serving Massachusetts, Maine,
New York & New Hampshire
Hours: Monday – Friday 9 am – 4 pm
www.dgandl.com

100 Cummings Center, Suite 225D
Beverly, Massachusetts 01915
TEL: (978) 921-2670
FAX: (978) 921-4870

## NOTICE OF INTENT TO FORECLOSE MORTGAGE

May 28, 2019

Spouse of Andreia V. DaSilva
428 North Main Street
Brockton, MA 02301

VIA CERTIFIED MAIL

Re:     428 North Main Street, Brockton, MA 02301

To Whom It May Concern:

You are hereby notified, pursuant to Massachusetts General Laws, Chapter 244, §14, of the intention of Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 , on or after June 19, 2019 at 12:00 PM, to foreclose by sale, under the power of sale for breach of conditions, the mortgage given by Andreia V. DaSilva to Argent Mortgage Company, LLC dated May 12, 2005 and recorded at the Plymouth County  Registry of Deeds in Book 30519, Page 261.

Very truly yours,
Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1
by its attorneys
Doonan, Graves & Longoria, LLC

by:_____
Reneau J. Longoria, Esq.
Brian C. Linehan, Esq.
Patrick D. Beaton, Esq.
Elizabeth W. Dailey, Esq.

*Refer to the Auctioneer's Website:  http://www.monroeauctiongroup.com*
*Enclosures: Notice of Mortgagee's Sale*

# NOTICE OF MORTGAGEE'S SALE OF REAL ESTATE

By virtue and in execution of the Power of Sale contained in a certain mortgage given by **Andreia V. DaSilva** to Argent Mortgage Company, LLC dated May 12, 2005, recorded at the Plymouth County Registry of Deeds in Book 30519, Page 261; said mortgage was then assigned to Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 by virtue of an assignment dated May 12, 2005, and recorded in Book 47887, Page 183; of which mortgage the undersigned is the present holder for breach of conditions of said mortgage and for the purpose of foreclosing the same will be sold at PUBLIC AUCTION at 12:00 PM on **June 19, 2019**, on the mortgaged premises. This property has the address of 428 North Main Street, Brockton, MA 02301. The entire mortgaged premises, all and singular, the premises as described in said mortgage:

The following property in Brockton, Massachusetts. The land at 428 North Main Street, Brockton, Plymouth County, Massachusetts bounded and described as follows: Beginning at the corner of North Main and Ford Streets, at a stone post; then Westerly by said Ford Street, one hundred and forty-one (141) feet, more or less to a fence and land now or formerly of Walter C. French; then Southerly by said fence and land now or formerly of Walter C. French, seventy-nice (79( feet, more or less, to a fence and land now formerly of Benjamin S. Clark, formerly of Moses Blodget; then Easterly by said fence and land now or formerly of Benjamin S. Clark, one hundred and thirty-eight (138) feet, more or less, to North Main Street; then Northerly by said North main Street, seventy-seven (77) feet, more or less, to Stone post and corner first named. SAID PREMISES ARE SUBJECT TO THE FOLLOWING ENCUMBRANCES: 1. Title to and rights to the public and others in so much of the premises as lies within the bounds of North Main Street. For title reference see deed recorded in the Plymouth Registry of Deeds as Book 30005, Page 22. Fot further title reference, see deed recorded herewith.

Subject to and with the benefit of easements, reservation, restrictions, and taking of record, if any, insofar as the same are now in force and applicable. In the event of any typographical error set forth herein in the legal description of the premises, the description as set forth and contained in the mortgage shall control by reference. Together with all the improvements now or hereafter erected on the property and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water rights and stock and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this sale.

**Terms of Sale:** Said premises will be sold subject to any and all unpaid taxes and assessments, tax sales, tax titles and other municipal liens and water or sewer liens and State or County transfer fees, if any there are, and TEN THOUSAND DOLLARS ($10,000.00) in cashier's or certified check will be required to be paid by the purchaser at the time and place of the sale as a deposit and the balance in cashier's or certified check will be due in thirty (30) days, at the offices of Doonan, Graves & Longoria, LLC ("DG&L"), time being of the essence. The Mortgagee reserves the right to postpone the sale to a later date by public proclamation at the time and date appointed for the sale and to further postpone at any adjourned sale-date by public proclamation at the time and date appointed for the adjourned sale date. The premises is to be sold subject to and with the benefit of all easements, restrictions, leases, tenancies, and rights of possession, building and zoning laws, encumbrances, condominium liens, if any and all other claim in the nature of liens, if any there be.

In the event that the successful bidder at the foreclosure sale shall default in purchasing the within described property according to the terms of this Notice of Sale and/or the terms of the Memorandum of Sale executed at the time of foreclosure, the Mortgagee reserves the right to sell the property by foreclosure deed to the second highest bidder, providing that said second highest bidder shall deposit with the Mortgagee's attorneys, the amount of the required deposit as set forth herein. If the second highest bidder declines to purchase the within described property, the Mortgagee reserves the right to purchase the within described property at the amount bid by the second highest bidder. The foreclosure deed and the consideration paid by the successful bidder shall be held in escrow by DG&L, (hereinafter called the "Escrow Agent") until the deed shall be released from escrow to the successful bidder at the same time as the consideration is released to the Mortgagee, whereupon all obligations of the Escrow Agent shall be deemed to have been properly fulfilled and the Escrow Agent shall be discharged. Other terms, if any, to be announced at the sale.

Dated: May 15, 2019 Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1
By its Attorney DOONAN, GRAVES & LONGORIA, LLC, 100 Cummings Center, Suite 225D, Beverly, MA 01915 (978) 921-2670 www.dgandl.com 53390 (DASILVA)
05-24-2019, 05-31-2019, 06-07-2019

**WALZ** FROM **WALZ** FORM #45663 VERSION: E0716

**WALZ CERTIFIED MAILER®**

**Label #1**
Spouse of Andreia V. DaSilva
428 North Main Street
Brockton, MA 02301

**Label #2**
Spouse of Andreia V. DaSilva
428 North Main Street
Brockton, MA 02301

**Label #3**
Spouse of Andreia V. DaSilva
428 North Main Street
Brockton, MA 02301

## U.S. Postal Service®
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

**USPS® ARTICLE NUMBER**
9414 7266 9904 2136 6161 29

| | | |
|---|---|---|
| Certified Mail Fee | $ 6.80 | |
| Return Receipt (Hardcopy) | $ | |
| Return Receipt (Electronic) | $ | MAY 2 0 2019 Postmark Here |
| Certified Mail Restricted Delivery | $ | |
| Postage | $ .50 | |
| Total Postage and Fees | $ 7.30 | |

Sent to:

Spouse of Andreia V. DaSilva
428 North Main Street
Brockton, MA 02301

Reference Information

JD/AM
Andreia V. DaSilva
53390

PS Form 3800, Facsimile, July 2015

TEAR ALONG THIS LINE

---

**A** FOLD AND TEAR THIS WAY ⟶ OPTIONAL

**B** Label #5 (OPTIONAL)

**Certified Article Number**
9414 7266 9904 2136 6161 29
**SENDER'S RECORD**

Label #4

Label #6 - Return Receipt Barcode (Sender's Record)

‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9266 9904 2136 6161 22

**Label #7 - Certified Mail Article Number**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

**CERTIFIED MAIL®**



9414 7266 9904 2136 6161 29

FOLD AND TEAR THIS WAY ⟶

---

**C** FOLD AND TEAR THIS WAY ⟶

Thank you for using Return Receipt Service

RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Return Receipt (Form 3811) Barcode

‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9266 9904 2136 6161 22

1. Article Addressed to:

Spouse of Andreia V. DaSilva
428 North Main Street
Brockton, MA 02301

2. Certified Mail (Form 3800) Article Number
9414 7266 9904 2136 6161 29

PS Form 3811, Facsimile, July 2015

**COMPLETE THIS SECTION ON DELIVERY**

| A. Signature | ☐ Agent |
|---|---|
| X | ☐ Addressee |
| B. Received by (Printed Name) | C. Date of Delivery |

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type:
☒ Certified Mail
☐ Certified Mail Restricted Delivery
Reference Information

JD/AM
Andreia V. DaSilva
53390

Thank you for using Return Receipt Service

Domestic Return Receipt

# USPS Tracking®

FAQs > (https://www.usps.com/faqs/uspstracking-faqs.htm)

**Track Another Package +**

**Tracking Number:** 9414726699042136616129

Remove ✕

Your item could not be delivered on June 17, 2019 at 6:14 pm in BROCKTON, MA 02302. It was held for the required number of days and is being returned to the sender.

## Alert

June 17, 2019 at 6:14 pm
Unclaimed/Being Returned to Sender
BROCKTON, MA 02302

Get Updates ∨

---

**Text & Email Updates**                                                          ∨

**Tracking History**                                                              ∧

June 17, 2019, 6:14 pm
Unclaimed/Being Returned to Sender
BROCKTON, MA 02302
Your item could not be delivered on June 17, 2019 at 6:14 pm in BROCKTON, MA 02302. It was held for the required number of days and is being returned to the sender.

Reminder to Schedule Redelivery of your item

May 31, 2019, 12:02 pm
Notice Left (No Authorized Recipient Available)
BROCKTON, MA 02301

May 31, 2019, 8:22 am
Out for Delivery
BROCKTON, MA 02301

May 31, 2019, 8:12 am
Sorting Complete
BROCKTON, MA 02301

May 31, 2019, 6:01 am
Departed USPS Regional Facility
BROCKTON MA DISTRIBUTION CENTER

May 31, 2019, 5:22 am
Arrived at Unit
BROCKTON, MA 02302

May 30, 2019, 7:40 am
Arrived at USPS Regional Facility
BROCKTON MA DISTRIBUTION CENTER



**May 29, 2019, 11:18 pm**
Departed USPS Regional Facility
BOSTON MA DISTRIBUTION CENTER

**May 29, 2019, 9:28 pm**
Arrived at USPS Regional Facility
BOSTON MA DISTRIBUTION CENTER

---

**Product Information** ⌄

---

See Less ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

FAQs (https://www.usps.com/faqs/uspstracking-faqs.htm)

**The easiest tracking number is the one you don't have to know.**

With Informed Delivery®, you never have to type in another tracking number. Sign up to:

- See images* of incoming mail.

- Automatically track the packages you're expecting.

- Set up email and text alerts so you don't need to enter tracking numbers.

- Enter USPS Delivery Instructions™ for your mail carrier.

**Sign Up**

**(https://reg.usps.com/entreg/Registratioı**

*NOTE: Black and white (grayscale) images show the outside, front of letter-sized envelopes and mailpieces that are processed through USPS automated equipment.

Andreia V. Dasilva, Pro Se
428 North Main Street
Brockton, MA 02301
PHONE
EMAIL

IN THE SUPERIOR COURT OF THE STATE OF MASSACHUSETTS
COUNTY OF PLYMOUTH

| | |
|---|---|
| ANDREIA V. DASILVA PRO SE, | Case No.: 1983CV00659 B |
| Plaintiff, | |
| vs. | [PROPOSED] ORDER ON TEMPORARY RESTRAINING ORDER |
| ARGENT MORTGAGE COMPANY, LLC; DLJ MORTGAGE CAPITAL, INC., ASSET BACKED SECURITIES CORPORATION, US BANK, NA AS TRUSTEE FOR SECURITIZED TRUST ASSET BACKED SECURITIES HOME EQUITY LOAN NC 2005-HE4 TRUST, WELLS FARGO BANK, NA, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, ("MERS"), AND DOES 1 THROUGH 100 INCLUSIVE, *et al.* | |
| Defendants. | |

## TEMPORARY RESTRAINING ORDER

On the date signed below, the application of Andreia V. Dasilva, Pro se, Applicant for a

temporary restraining order was presented to the Court.

The Court, having examined the pleadings and allegations of Applicant, finds that

Applicant has an ownership interest in real property located at 428 North Main Street, Brockton,

MA 02301 (the "Property"), and that Applicant seeks a temporary restraining order to maintain

ORDER ON TRO - 1



the status quo of the Property. Applicant's sworn Application alleges that the Property will be imminently sold or auctioned by Respondents Argent Mortgage Company, LLC; DLJ Mortgage Capital, Inc., Asset Backed Securities Corporation, US Bank, NA as Trustee for Securitized Trust Asset Backed Securities home Equity Loan NC 2005-HE4 Trust, Wells Fargo Bank, NA, Mortgage Electronic Registration Systems, Inc.; and said disposition will subject him to eviction actions from his home, without immediate intervention from this Court. Applicants' sworn pleadings and allegations show that Applicants has requested a restraining order to prevent the sale, auction or any other transfer of ownership of the subject property, ~~against Respondents who have allegedly committed fraud and using a void promissory note and ownership interest in the Property to claim standing to sell or auction the Property.~~ MAY

The Court finds that there is a clear and present danger of continuing harm unless Respondents are ordered to do or refrain from doing certain acts, as shown below.

The Court finds that there is an immediate need for the following restraining orders to prevent further harm to the Property and to protect Applicants and the Property subject of this suit and that the orders are in the best interest of maintaining the status quo.

IT IS THEREFORE ORDERED that the clerk of this Court issue temporary restraining orders as follows, and Argent Mortgage Company, LLC; DLJ Mortgage Capital, Inc., Asset Backed Securities Corporation, US Bank, NA as Trustee for Securitized Trust Asset Backed Securities home Equity Loan NC 2005-HE4 Trust, Wells Fargo Bank, NA, Mortgage Electronic Registration Systems, Inc. are immediately:

1. Prohibited from selling the subject Property located at 428 North Main Street, Brockton, MA 02301.

2. Prohibited from conducting any auction of the subject Property located at 428 North Main

Street, Brockton, MA 02301.

These temporary restraining orders shall be effective immediately and binding on the Respondents and shall continue in full force and effect for _____6_____ days from the date this order is signed unless terminated sooner by order of this Court.

The requirement of a bond is waived.


IT IS FURTHER ORDERED that the clerk shall issue notice to Respondents, Argent Mortgage Company, LLC; DLJ Mortgage Capital, Inc., Asset Backed Securities Corporation, US Bank, NA as Trustee for Securitized Trust Asset Backed Securities home Equity Loan NC 2005-HE4 Trust, Wells Fargo Bank, NA, Mortgage Electronic Registration Systems, Inc. to appear, and Respondents are ORDERED to appear in person, before this Court located at 52 Obery St., #2041, Plymouth, MA 02360 on __ June 24 _____, 2019 at 2:00 P.M./ P.M. The purpose of this hearing is to determine whether the Court should issue its protective order –

*[handwritten margin note: Brockton Superior Court 72 Belmont St Brockton, MA]*

1. Prohibited from selling the subject Property located at 428 North Main Street, Brockton, MA 02301.

2. Prohibited from conducting any auction of the subject Property located at 428 North Main Street, Brockton, MA 02301.


SIGNED on the _19_ day of __June__, 2019 at _11:04_ A.m.

_____

HONORABLE JUDGE PRESIDING

ORDER ON TRO - 3

Mark A. Hallal
Justice of the Superior Court

## POST SALE AFFIDAVIT REGARDING NOTE
### "Eaton/Pinti Affidavit"

**Current Record Owner:** Andreia V. DaSilva

**Foreclosing Entity:** Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1

**Property Address:** 428 North Main Street, Brockton, MA 02301

**Mortgage:** The Mortgage to be foreclosed was given by Andreia V. DaSilva to Argent Mortgage Company, LLC, dated May 12, 2005, and recorded at the Plymouth County Registry of Deeds in Book 30519, Page 261

**Assigned to:** Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 by virtue of an assignment dated May 12, 2005, and recorded in Book 47887, Page 183

1. I am employed as a _Foreclosure Manager, AVP_ by Franklin Credit Management Corporation, the servicer for the mortgage loan that is the subject of this action. I have personal knowledge of the facts contained in this affidavit as follows: I am familiar with the systems of record that Franklin Credit Management Corporation uses to record and create information related to the residential mortgage loans that it services, including the processes by which Franklin Credit Management Corporation obtains the loan information in those systems. While many of those processes are automated, the information manually entered by Franklin Credit Management Corporation employees relating to loans on those systems is based upon personal knowledge of the information and is entered into the system at or near the time the knowledge was acquired. These computerized records are created and maintained in the regular course of its business as a loan servicer and Franklin Credit Management Corporation relies on the records in the ordinary course to conduct its business as a loan servicer.

2. Based upon my review of the business records of Franklin Credit Management Corporation, I certify that as of the dates when Notices of Sale relating to the Mortgage at issue were mailed and published pursuant to M.G.L. Chapter 244, Section 14 up to and including the Foreclosure Sale Date, the Foreclosing Mortgagee was:
   [Check One]:
   [ ] the holder/owner of the promissory note secured by the above Mortgage;
   [ X ] the authorized agent of the holder/owner of said promissory note, secured by the Mortgage.

## CERTIFICATION

The undersigned, an attorney at law, certifies that this copy of the foregoing, furnished by undersigned has been compared by undersigned with the original and that said copy is a true complete copy thereof

Brian C. Linehan, Esq. BBO#690457



2019 00074065
Bk: 51613 Pg: 234 Page: 1 of 14
Recorded: 09/09/2019 10:43 AM
ATTEST: John R. Buckley, Jr. Register
Plymouth County Registry of Deeds

**EXHIBIT**
**7**

Bk: 51613 Pg: 235

3. Based upon my review of the business records of Franklin Credit Management Corporation, I certify that:
[Check One]:
[ ] the contractual notice of default was sent to the mortgagor(s) prior to July 17, 2015;
[X] the contractual notice of default was sent to the mortgagor(s) after July 17, 2015. A true and correct copy of the Notice of Default is attached hereto.

Signed under the pains and penalties of perjury this _____20th_____ day of _____August_____, 2019.

Name: Melissa Olivera
Title: Foreclosure Manager, AVP

State of _____NJ_____
County of _____Hudson_____

Before me, a notary public, on this _____20_____ day of _____August_____, 2019, personally appeared _____Melissa Olivera_____ known to me to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and accurate.

Notary Public
My Commission Expires: 2/5/22

GINA D'ELIA
Commission # 2417289
Notary Public, State of New Jersey
My Commission Expires



**FRANKLINCREDIT**

MANAGEMENT CORPORATION

---

❖ **This is an important notice concerning your right to live in your home. Have it translated at once.**

❖ **Esta carta explica sus derechos legales para permanecer en su propiedad de vivienda. Por favor traduzca esta notificacion inmediatamente.**

❖ **Este é um aviso importante em relação ao seu dereito de morar na sua residência. Por favor, tem tradizido imediatamente.**

❖ **C'est une notification importante concernant votre droit de vivre chez vous. Faites-la traduire immédiatement.**

❖ 這是一則关於您居住权的重要通知，请儘快安排翻译。

---

### 90-Day Right to Cure Your Mortgage Default

March 7, 2017

VIA FIRST CLASS AND CERTIFIED MAIL

Andreia V. DaSilva
428 North Main Street
Brockton, MA 02301

RE: 428 North Main Street; loan ⬛⬛⬛⬛ with Franklin Credit Management Corporation as servicer on behalf of Deutsche Bank National Trust Company, as Certificate Trustee on behalf of BOSCO Credit II Trust, Series 2010-1; LOAN ORIGINATOR: Argent Mortgage Company, LLC

To Andreia V. DaSilva:

We are contacting you because you did not make your monthly loan payment[s] due on January 1, 2009 to Franklin Credit Management Corporation. You must pay the past due amount on or before **June 5, 2017**, which is 90 days from the date of this notice. The past due amount on the date of this notice is specified below:

- Total Payments: ⬛⬛⬛⬛

If you pay the past due amount, and any additional monthly payments, late charges or fees that may become due between the date of this notice and the date when you make your payment, your account will be considered up-to-date and you can continue to make your regular monthly payments.



Make your payment directly to:

Franklin Credit Management, PO Box 829629, Philadelphia, PA 19182-9629.

Please consider the following:

- You should contact the Homeownership Preservation Foundation (888-995-HOPE) to speak with counselors who can provide assistance and may be able to help you work with your lender to avoid foreclosure;

- If you are a MassHousing borrower, you may also contact MassHousing (888-843-6432) to determine if you are eligible for additional assistance. There may be other homeownership assistance available through your lender or servicer;

- You may also contact the Division of Banks (800-495-2265) or visit www.mass.gov/foreclosures to find a foreclosure prevention program near you;

- After June 5, 2017, you can still avoid foreclosure by paying the total past due amount before a foreclosure sale takes place. Depending on the terms of the loan, there may also be other ways to avoid foreclosure, such as selling your property, refinancing your loan, or voluntarily transferring ownership of the property to Franklin Credit Management Corporation.

**If you do not pay the total past due amount of** ▮▮▮▮▮ **and any additional payments that may become due by June 5, 2017, you may be evicted from your home after a foreclosure sale. If Deutsche Bank National Trust Company, as Certificate Trustee on behalf of BOSCO Credit II Trust, Series 2010-1 forecloses on this property, it means the mortgagee or a new buyer will take over the ownership of your home.**

If you have questions, or disagree with the calculation of your past due balance, please contact David Behler at (800) 650-7162 or documents@franklincredit.com or 101 Hudson Street, 25th Floor, Jersey City, NJ 07302.

Sincerely,

Franklin Credit Management Corp
**David Behler**
**Delinquency Manager**



Enclosed with this notice, there may be additional important disclosures related to applicable laws and requirements that you should carefully review.

Deutsche Bank National Trust Company, as Certificate Trustee on behalf of BOSCO Credit II Trust, Series 2010-1 is the Mortgagee of the subject mortgage and

Deutsche Bank National Trust Company, as Certificate Trustee on behalf of BOSCO Credit II Trust, Series 2010-1 is the holder/owner of the subject note.

THIS IS AN ATTEMPT TO COLLECT A DEBT; ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS DOES NOT IMPLY THAT WE ARE ATTEMPTING TO COLLECT MONEY FROM ANYONE WHO'S DEBT HAS BEEN DISCHARGED UNDER THE BANKRUPTCY LAWS OF THE UNITED STATES.

As required by law, you are hereby notified that a NEGATIVE CREDIT REPORT reflecting on the Borrower's credit record may be submitted to a credit reporting agency if the Borrower fails to fulfill the terms of the obligations under the Loan.

IF YOU DID NOT SIGN THE NOTE BUT HOLD A LEGAL OR BENEFICIAL INTEREST IN THE ENCUMBERED PROPERTY, THIS NOTICE IS PROVIDED TO YOU AS A COURTESY TO WARN YOU THAT IF THE FULL AMOUNT DUE ON THE LOAN IS NOT PAID AS SET FORTH ABOVE, YOU MAY LOSE YOUR INTEREST IN THE ENCUMBERED PROPERTY.

Failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in Section 22 of the mortgage, including, but not limited to, reasonable attorney's fees and costs of title evidence.

101 Hudson Street, 25th Floor, Jersey City, NJ 07302
Tel: 201.604.1000 | Fax 1 — 800 . 78 . 00 Jan. 11.01



Please be advised that you have the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense to acceleration and sale.

No deficiency after the foreclosure sale may be pursued if you have obtained or will obtain a Chapter 7 bankruptcy discharge that covers your obligation under the note secured by the mortgage referred to above. Please be advised that this is not an attempt to collect a debt but is required pursuant to Massachusetts General Laws, Chapter 244, §14, to foreclose the mortgage lien.

Please be advised that the mortgagor may sell the property prior to the foreclosure sale and use the proceeds to payoff the mortgage.

Notwithstanding anything herein to the contrary, if you have filed a bankruptcy petition and there is either an "automatic stay" in effect in your bankruptcy case or you have received in that case a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If these circumstances apply, this notice is not and should not be construed to be a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, however, please also note that despite any such bankruptcy filing, whatever rights we hold in the property that secures the obligation remain unimpaired.

As of the date of this letter, the amount secured under the mortgage loan is ▓▓▓▓▓▓. Because interest, late charges and other charges may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write or call the undersigned.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice, this office will obtain verification of the debt and will mail you a copy of such verification. Upon written request, within the 30-day period, we will provide you with the name and address of the original creditor, if different from the current creditor.



- **This is an important notice concerning your right to live in your home. Have it translated at once.**
- **Esta carta explica sus derechos legales para permanecer en su propiedad de vivienda. Por favor traduzca esta notificacion inmediatamente.**
- **Este é um aviso importante em relação ao seu dereito de morar na sua residência. Por favor, tem tradizido imediatamente.**
- **C'est une notification importante concernant votre droit de vivre chez vous. Faites-la traduire immédiatement.**
- 這是一則关於您居住权的重要通知, 请儘快安排翻译

### RIGHT TO REQUEST A MODIFIED MORTGAGE LOAN

March 7, 2017

VIA FIRST CLASS AND CERTIFIED MAIL

Andreia V. DaSilva
428 North Main Street
Brockton, MA 02301

RE: 428 North Main Street; loan ▨▨▨▨▨▨ with Franklin Credit Management Corporation as servicer on behalf of Deutsche Bank National Trust Company, as Certificate Trustee on behalf of BOSCO Credit II Trust, Series 2010-1; LOAN ORIGINATOR: Argent Mortgage Company, LLC

To Andreia V. DaSilva:

We are contacting you because our records indicate that you are eligible to request a modification of your mortgage with Franklin Credit Management Corporation as servicer on behalf of Deutsche Bank National Trust Company, as Certificate Trustee on behalf of BOSCO Credit II Trust, Series 2010-1. If you want to request a loan modification or other foreclosure alternative option, you must complete and return the enclosed Mortgage Modification Options form along with any supporting information no later than **April 6, 2017**. The Mortgage Modification Options form and any supporting documents must be returned by certified mail or similar service to Franklin Credit Management Corporation. We will respond to your request within 30 days of its receipt.

Please be aware this notice of the Right to Request a Modified Mortgage Loan is different from the Right to Cure Your Mortgage Default notice that you may have already received. *The enclosed Mortgage Modification Options form provides you with four choices. These choices impact the options under the Right to Cure notice and should be carefully considered.* If you do



not want to request a loan modification, you must still return the enclosed Mortgage Modification Options form. Please keep a copy of everything you send to us and keep proof of mailing the materials to us.

If you have questions, please contact David Behler at (800) 650-7162 or Documents@franklincredit.com or 101 Hudson Street, 25th Floor, Jersey City, NJ 07302. If you would like assistance from the Attorney General's Office, you may contact the HomeCorps hotline at 617-573-5333 to speak with a loan modification specialist who can assist you. We suggest you mention this notice when you call.

Sincerely,

Franklin Credit Management Corporation

David Behler
Delinquency Manager

Enclosed with this notice, there may be additional important disclosures related to applicable laws and requirements that you should carefully review.

Enclosures:
- Mortgage Modification Options form
- Request for Modification Assistance Form or Franklin Credit Management Corporation's current loan modification application
- Required Documents For Loan Modification Application [Creditor may use the form in 209 CMR 56.10 or similar form]



## MORTGAGE MODIFICATION OPTIONS

You must return this form in the enclosed envelope by April 6, 2017

Andreia V. DaSilva
428 North Main Street
Brockton, MA 02301

RE: 428 North Main Street; loan ⬛⬛⬛⬛⬛ with Franklin Credit Management Corporation as servicer on behalf of Deutsche Bank National Trust Company, as Certificate Trustee on behalf of BOSCO Credit II Trust, Series 2010-1; LOAN ORIGINATOR: Argent Mortgage Company, LLC

To Andreia V. DaSilva:

You must check one of the following boxes to notify Franklin Credit Management Corporation of how you would like to proceed.

☐ I would like to request a loan modification. I have attached a complete statement of my income and list of assets, total debts and obligations as requested by the creditor in the form(s) which accompanied the Right to Request a Modified Mortgage Loan Notice. I maintain my right to a 90 day period to cure my mortgage default.

☐ I would like to request a different foreclosure alternative such as a short sale or deed-in-lieu of foreclosure. I maintain my right to a 90 day period to cure my mortgage default.

☐ I do not want to request a loan modification or any foreclosure alternative. I maintain my right to a 90 day period to cure my mortgage default.

☐ I want to waive my right to cure the default on my mortgage loan and proceed to foreclosure. I understand that by choosing this option I waive my right to the 90 day cure period.

_____          _____
Borrower Name                             Date

_____
Borrower Telephone Number

101 Hudson Street, 25th Floor, Jersey City, NJ 07302
Tel 201-604-1800, 800-255-5897  Fax 201-604-1520



## REQUIRED DOCUMENTS FOR LOAN MODIFICATION APPLICATION

All Borrowers

An application that includes a complete list of monthly income and expenses, if required by the creditor

☐ Provide signed Internal Revenue Service Form 4506-T (Individual Tax Return Transcript Form) or Internal Revenue Service Form 4506T-EZ (Short Form for Individual Tax Return Transcript)

☐ Provide copy of last two years' tax returns, with all schedules including Schedule E, if applicable

☐ Provide copy of 2 most recent bank account statements

☐ Provide proof of expenses and monthly obligations

☐ Provide copy of utility bill showing homeowner name and property address

☐ Provide copy of credit card statements showing payments due on all balances

☐ Provide copy of mortgage statements for other mortgages on the property, if applicable

For people who earn a wage

☐ Provide a copy of most recent pay stubs reflecting at least 30 days of year-to-date income of borrower or co-borrower

☐ **For people who are self-employed**

☐ Provide a copy of the most recent signed and dated quarterly or year-to-date profit and loss statement

For people who receive alimony, child support, or separation maintenance payments

Provide documentation of alimony, child support, and/or separation payments

*Notice: Alimony, child support or separate maintenance income need not be disclosed if you do not choose to have it considered for repaying your mortgage debt.*

For people who receive income from other sources

Provide documentation of tips, commissions, bonuses, housing allowance or overtime; and/or

Provide documentation of unemployment income and/or social security income, death benefits, pension, public assistance, or adoption assistance; and/or

Provide documentation of income from rental properties, including copy of any lease agreement

101 Hudson Street • 5th Floor, Jersey City, NJ 07302
tel 201 604 (8042) • fax 201 604 5097 fax 201 604 1529

## UNIFORM BORROWER ASSISTANCE FORM

If you are experiencing a temporary or long-term hardship and need help, you must complete and submit this form along with other required documentation to be considered for available solutions. On this page, you must disclose information about (1) you and your intentions to either keep or transition out of your home; (2) the property's status; (3) real estate taxes; (4) homeowner's insurance premiums; (5) bankruptcy; (6) your credit counseling agency; and (7) other liens, if any, on your property.

On Page 2 you must disclose information about all of your income, expenses and assets. Page 2 also lists the required income documentation that you must submit in support of your request for assistance. Then on Page 3, you must complete the Hardship Affidavit, in which you disclose the nature of your hardship. The Hardship Affidavit informs you of the required documentation that you must submit in support of your hardship claim.

NOTICE: In addition, when you sign and date this form, you will make important certifications, representations and agreements, including certifying that all of the information in this Borrower Assistance Form is accurate and truthful and any identified hardship has contributed to your submission of this request for mortgage relief.

REMINDER: The Borrower Response Package you need to return consists of: (1) this completed, signed and dated Borrower Assistance Form; (2) completed and signed IRS Form 4506T-EZ; (3) required income documentation; and (4) required hardship documentation.

Loan I.D. Number _____ (usually found on your monthly mortgage statement)

I want to: ☐ Keep the Property ☐ Sell the Property

The property is currently: ☐ My Primary Residence ☐ A Second Home ☐ An Investment Property

The property is currently: ☐ Owner Occupied ☐ Renter occupied ☐ Vacant

| BORROWER'S NAME | CO-BORROWER'S NAME |
|---|---|
| SOCIAL SECURITY NUMBER / DATE OF BIRTH | SOCIAL SECURITY NUMBER / DATE OF BIRTH |
| HOME PHONE NUMBER WITH AREA CODE | HOME PHONE NUMBER WITH AREA CODE |
| CELL OR WORK NUMBER WITH AREA CODE | CELL OR WORK NUMBER WITH AREA CODE |

MAILING ADDRESS

PROPERTY ADDRESS (IF SAME AS MAILING ADDRESS, JUST WRITE SAME) | EMAIL ADDRESS

| | |
|---|---|
| Is the property listed for sale? ☐ Yes ☐ No<br>If yes, what was the listing date?<br>If property has been listed for sale, have you received an offer on the property? ☐ Yes ☐ No<br>Date of offer: _____ Amount of Offer: $ _____<br>Agent's Name: _____<br>Agent's Phone Number: _____<br>For Sale by Owner? ☐ Yes ☐ No | Have you contacted a credit counseling agency for help? ☐ Yes ☐ No<br>If yes, please complete the counselor contact information below:<br>Counselor's Name: _____<br>Agency's Name: _____<br>Counselor's Phone Number: _____<br>Counselor's Email Address: _____ |

Do you have condominium or homeowner association (HOA) fees? ☐ Yes ☐ No
Total monthly amount: $ _____
Name and address that fees are paid to: _____

Have you filed for bankruptcy? ☐ Yes ☐ No
If yes: ☐ Chapter 7 ☐ Chapter 13 Filing Date: _____
Has your bankruptcy been discharged? ☐ Yes ☐ No Bankruptcy case number: _____

## UNIFORM BORROWER ASSISTANCE FORM

| Monthly Household Income | | Monthly Household Expenses/Debt | | Household Assets (associated with the property and/or borrower(s)) | |
|---|---|---|---|---|---|
| Monthly Gross wages | $ | First Mortgage Payment | $ | Checking Account(s) | $ |
| Overtime | $ | Second Mortgage Payment | $ | Checking Account(s) | $ |
| Child support / Alimony* | $ | Homeowner's Insurance | $ | Savings / Money Market | $ |
| Non-taxable social security/SSDI | $ | Property Taxes | $ | CDs | $ |
| Social security/SSDI or other monthly income from annuities or retirement plans | $ | Credit Card / Installment Loan(s) (total minimum payment per month) | $ | Stocks / Bonds | $ |
| Tips, commissions, bonus and self-employed income | $ | Alimony, child support payment | $ | Other Cash on Hand | $ |
| Rents Received | $ | Car Lease Payments | $ | Other Real Estate (estimated value) | $ |
| Unemployment Income | $ | HOA/Condo Fees/Property Maintenance | $ | Other | $ |
| Food Stamps/Welfare | $ | Mortgage Payments on other properties | $ | | |
| Other | $ | Other | $ | | |
| Total (Gross) Income | $ | Total Debt/Expenses | $ | Total Assets | $ |

*Notice: Alimony, child support, or separate maintenance income need not be revealed if you do not choose to have it considered for repaying this loan.

| Lien Holder's Name | Balance / Interest Rate | Loan Number |
|---|---|---|
| | | |

## UNIFORM BORROWER DOCUMENTATION FORM

☐ **Do you earn a wage?**
For each borrower who is a salaried employee or hourly wage earner, include the most recent pay stub that reflects at least 30 days of year-to-date earnings for each borrower.

☐ **Are you self-employed?**
For each borrower who receives self-employed income, include a complete, signed individual federal income tax return and, as applicable, the business tax return; AND either the most recent signed and dated quarterly or year-to-date profit/loss statement that reflects activity for the most recent three months OR copies of bank statements for the business account for the last two months evidencing continuation of business activity.

☐ Do you have any additional sources of income? Provide for each borrower as applicable:
"Other Earned Income" such as bonuses, commissions, housing allowance, tips, or overtime:
☐ Reliable third-party documentation describing the amount and nature of the income (e.g., employment contract or printouts documenting tip income).
Social Security, disability or death benefits, pension, public assistance, or adoption assistance:
☐ Documentation showing the amount and frequency of the benefits, such as letters, exhibits, disability policy or benefits statement from the provider, and
☐ Documentation showing the receipt of payment, such as copies of the two most recent bank statements showing deposit amounts.
Rental income:
☐ Copy of the most recent filed federal tax return with all schedules, including Schedule E – Supplement Income and Loss. Rental income for qualifying purposes will be 75% of the gross rent reduced by the monthly debt service on the property, if applicable; or
☐ If rental income is not reported on Schedule E – Supplemental Income and Loss, provide a copy of the current lease agreement with either bank statements or cancelled rent checks demonstrating receipt of rent.
Investment income:
☐ Copies of the two most recent investment statements or bank statements supporting receipt of this income.
Alimony, child support, or separation maintenance payments as qualifying income:*
☐ Copy of divorce decree, separation agreement, or other written legal agreement filed with a court, or court decree that states the amount of the alimony, child support, or separation maintenance payments and the period of time over which the payments will be received, and
☐ Copies of your two most recent bank statements or other third-party documents showing receipt of payment.
*Notice: Alimony, child support, or separate maintenance income need not be revealed if you do not choose to have it considered for repaying this loan.

## UNIFORM BORROWER ASSISTANCE FORM

### HARDSHIP AFFIDAVIT

**I am (provide a written explanation with this request describing the specific nature of your hardship)**

I am requesting review of my current financial situation to determine whether I qualify for temporary or permanent mortgage relief options

Date Hardship Began is:

I believe that my situation is:

- [ ] Short-term (under 6 months)
- [ ] Medium-term (6 – 12 months)
- [ ] Long-term or Permanent Hardship (greater than 12 months)

I am having difficulty making my monthly payment because of reasons set forth below:

(Please check the appropriate box and provide the required documentation to help support your hardship)

| If your Hardship is: | Then the required Hardship Documentation is: |
|---|---|
| ☐ Unemployment | ☐ No hardship documentation required |
| ☐ Underemployment | ☐ No hardship documentation required, as long as you have submitted the income documentation that supports the income described in the Required Income Documentation section above |
| ☐ Income reduction (e.g., elimination of overtime, reduction in regular working hours, or a reduction in base pay) | ☐ No hardship documentation required, as long as you have submitted the income documentation that supports the income described in the Required Income Documentation section above |
| ☐ Divorce or legal separation; Separation of Borrowers unrelated by marriage, civil union or similar domestic partnership under applicable law | ☐ Divorce decree signed by the court; OR <br> ☐ Separation agreement signed by the court; OR <br> ☐ Current credit report evidencing divorce, separation, or non-occupying borrower has a different address; OR <br> ☐ Recorded quitclaim deed evidencing that the non-occupying Borrower or co-Borrower has relinquished all rights to the property |
| ☐ Death of a borrower or death of either the primary or secondary wage earner in the household | ☐ Death certificate; OR <br> ☐ Obituary or newspaper article reporting the death |
| ☐ Long-term or permanent disability; Serious illness of a borrower/co-borrower or dependent family member | ☐ Doctor's certification of illness or disability; OR <br> ☐ Medical bills; OR <br> ☐ Proof of monthly insurance benefits or government assistance (if applicable) |
| ☐ Disaster (natural or man-made) adversely impacting the property or Borrower's place of employment | ☐ Insurance claim; OR <br> ☐ Federal Emergency Management Agency grant or Small Business Administration loan; OR <br> ☐ Borrower or Employer property located in a federally declared disaster area |
| ☐ Distant employment transfer | ☐ No hardship documentation required |
| ☐ Business failure | ☐ Tax return from the previous year (including all schedules) AND <br> ☐ Proof of business failure supported by one of the following: <br> • Bankruptcy filing for the business; or <br> • Two months recent bank statements for the business account evidencing cessation of business activity; or <br> • Most recent signed and dated quarterly or year-to-date profit and loss statement |

## UNIFORM BORROWER ASSISTANCE FORM

**Borrower/Co-Borrower Acknowledgement and Agreement**

1. I certify that all of the information in this Borrower Assistance Form is truthful and the hardship(s) identified above has contributed to submission of this request for mortgage relief.

2. I understand and acknowledge that the Servicer, owner or guarantor of my mortgage, or their agent(s) may investigate the accuracy of my statements, may require me to provide additional supporting documentation, and that knowingly submitting false information may violate Federal and other applicable law.

3. I understand the Servicer will obtain a current credit report on all borrowers obligated on the Note.

4. I understand that if I have intentionally defaulted on my existing mortgage, engaged in fraud or misrepresented any fact(s) in connection with this request for mortgage relief or if I do not provide all required documentation, the Servicer may cancel any mortgage relief granted and may pursue foreclosure on my home and/or pursue any available legal remedies.

5. I certify that my property has not received a condemnation notice.

6. I certify that I am willing to provide all requested documents and to respond to all Servicer communications in a timely manner. I understand that time is of the essence.

7. I understand that the Servicer will use this information to evaluate my eligibility for available relief options and foreclosure alternatives, but the Servicer is not obligated to offer me assistance based solely on the representations in this document or other documentation submitted in connection with my request.

8. If I am eligible for a trial period plan, repayment plan, or forbearance plan, I accept and agree to all terms of such plan. I also agree that the terms of this Acknowledgment and Agreement are incorporated into such plan by reference as if set forth in such plan in full. My first timely payment following my Servicer's determination and notification of my eligibility or prequalification for a trial period plan, repayment plan, or forbearance plan (when applicable) will serve as acceptance of the terms set forth in the notice sent to me that sets forth the terms and conditions of the trial period plan, repayment plan, or forbearance plan.

9. I agree that when the Servicer accepts and posts a payment during the term of any repayment plan, trial period plan, or forbearance plan it will be without prejudice to, and will not be deemed a waiver of, the acceleration of my loan or foreclosure action and related activities and shall not constitute a cure of my default under my loan unless such payments are sufficient to completely cure my entire default under my loan.

10. I agree that any prior waiver as to my payment of escrow items to the Servicer in connection with my loan has been revoked.

11. If I qualify for and enter into a repayment plan, forbearance plan, and trial period plan, I agree to the establishment of an escrow account and the payment of escrow items if an escrow account never existed on my loan.

12. I understand that the Servicer will collect and record personal information that I submit in this Borrower Response Package and during the evaluation process, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, and information about my account balances and activity. I understand and consent to the Servicer's disclosure of my personal information and the terms of any relief or foreclosure alternative that I receive to any investor, insurer, guarantor, or servicer that owns, insures, guarantees, or services my first lien or subordinate lien (if applicable) mortgage loan(s) or to any HUD-certified housing counselor.

13. If I am eligible for foreclosure prevention relief under the federal Making Home Affordable Program, I understand and consent to the disclosure of my personal information and the terms of any Making Home Affordable Agreement by the Servicer to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Homeowner Affordability and Stability Plan, and (c) companies that perform support services in conjunction with Making Home Affordable.

14. I consent to being contacted concerning this request for mortgage assistance at any cellular or mobile telephone number I have provided to the Lender. This includes text messages and telephone calls to my cellular or mobile telephone.

| | | |
|---|---|---|
| Borrower Signature | Date | Co-Borrower Signature | Date |

*** Electronic Recording ***
Doc#:   00063156
**Bk: 50129 Pg: 131 Page: 1 of 2**
Recorded:  08/03/2018 10:31 AM
ATTEST: John R. Buckley, Jr. Register
Plymouth County Registry of Deeds

**AFFIDAVIT REGARDING NOTE SECURED**
**BY A MORTGAGE TO BE FORECLOSED**
**(Pre-Foreclosure Sale)**

**Current Record Owner:** Andreia V. DaSilva

**Foreclosing Entity:** Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1

**Property Address:** 428 North Main Street, Brockton, MA 02301

**Mortgage:** The Mortgage to be foreclosed was given by Andreia V. DaSilva to Argent Mortgage Company, LLC, dated May 12, 2005, and recorded at the Plymouth County Registry of Deeds in Book 30519, Page 261.

**Assigned To:** Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 by virtue of an assignment dated May 12, 2005, and recorded in Book 47887, Page 183.

The undersigned, Melissa Olivera having personal knowledge of the facts herein stated, under oath deposes and says as follows:

1.      I am [Check One]
        [  ] An officer of Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 , where I hold the office of

        _____

        [ x ] An officer of Franklin Credit Management Corporation a duly authorized agent of Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1 , under a power of attorney of other written instrument executed under seal, which remains in full force and effect as of the date hereof, and which is: [Check One]
        [ x ] recorded in the Plymouth County Registry of Deeds at Book 48172, Page 316;
        [  ] registered with the _____ County Land Registration Office as Document No. _____
        [  ] recorded/registered herewith

2.      (a) Based upon my review of the business records of :
        [Check One]
        [  ] Deutsche Bank National Trust Company, as certificate trustee on behalf of Bosco Credit II Trust Series 2010-1
        [ x ] Franklin Credit Management Corporation, servicer for foreclosing entity

        In the regular performance of my job functions, I am familiar with business records maintained by Franklin Credit Management Corporation for the purpose of servicing mortgage loans. I have acquired personal knowledge of the information contained in this affidavit as a result of my review of Franklin Credit Management Corporation's business records. These records (which include data compilations, electronically imaged documents, servicing and loan payment histories and others) are accurate and reliable because they are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Franklin Credit Management Corporation.

        To the extent records related to the loan come from another entity, those records were

**CERTIFICATION**

The undersigned, an attorney at law, certifies that this copy of the foregoing, furnished by undersigned has been compared by undersigned with the original and that said copy is a true complete copy thereof

Brian C. Linehan, Esq.   BBo #690437



EXHIBIT
8
tabbies®

To the extent records related to the loan come from another entity, those records were received by Franklin Credit Management Corporation in the ordinary course of its business, have been incorporated into and maintained as part of the Franklin Credit Management Corporation's business records, and have been relied on by Franklin Credit Management Corporation. It is the regular practice of Franklin Credit Management Corporation mortgage servicing business to make and maintain these records.

The records reviewed include:

[x] correspondence file;
[x] collection of notes of conversations with borrowers and their representatives;
[x] loan history;
[ ] other [please specify]

_____

(b) I certify that based on my review:

|Check One|
[X] The requirements of G.L. c. 244 s. 35B **have been** complied with
[ ] G.L. c. 244, s. 35B is **not applicable** to the above mortgage

On this date the Foreclosing Entity is:

|Check One|

[ ] the **holder/owner of the promissory note** secured by the above mortgage.
[X] the **authorized agent of the holder/owner of said promissory note**, for purposes, *inter alia*, of foreclosing said mortgage on behalf of said note holder.

Signed under the pains and penalties of perjury this _23RD_ day of _JULY_, 2018.

Name: Melissa Olivera
Title: Foreclosure Manager, AVP

State of _New Jersey_
County of _Hudson_                _July  23_____, 2018

Then personally appeared the above-named _Melissa Olivera_, proved to me through satisfactory evidence of identification, which was _personally known_, to be the person whose name is signed on this document, and who swore or affirmed to me that the contents of this document are truthful and accurate to the best of (his)(her) knowledge and belief, as _Foreclosure Manager, AVP_ of Franklin Credit Management Corporation.

Notary Public
My Commission Expires:      **Diana Patricia Marin**
                             **Notary Public, State of New Jersey**
            *Comments*        **My Commission Expires April 15, 2019**

See *Eatons: Federal National Mortgage Association,* 462 Mass. 569 (2012)
See G.L. c. 244, s. 35B and 35C (Effective November 1, 2012) and G.L. c. 244, s. 14, as amended by St. 2012, c. 194, Sec. I.