UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

**ANDREIA DASILVA**

Plaintiff

v.

Civil Action No. 1:19-CV-12392

**DEUTSCHE BANK NATIONAL TRUST COMPANY
AS CERTIFICATE TRUSTEE ON BEHALF OF
BOSCO CREDIT II TRUST SERIES 2010-1;
FRANKLIN CREDIT MANAGEMENT
CORPORATION;AND
ARGENT MORTGAGE COMPANY, LLC; DLJ
MORTGAGE CAPITAL, INC., ASSET BACKED
SECURITIES CORPORATION, US BANK, NA AS
TRUSTEE FOR SECURITIZED TRUST ASSET
BACKED SECURITIES HOME EQUITY LOAN NC
2005-HE4 TRUST, WELLS FARGO BANK, NA,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, ("MERS"), AND DOES 1 THROUGH 100
INCLUSIVE, et al.**

Defendants

 

Notice is hereby given that Andreia Dasilva, the Plaintiff in the above-named matter, hereby appeal to the First Circuit Court of Appeals pursuant to Rule 4 a(1)(B)(i)(ii)(iii) the Order and Judgment entered in this action on May 11, 2020 dismissing this action (See Attached Docket #11).

Respectfully Submitted,
Andreia DaSilva

By their Attorney

Dated: July 8, 2020

_____

/s/ Carmenelisa Perez-Kudzma
BBO# 633520
Perez-Kudzma Law Office, P.C.
413 Boston Post Road, Weston, MA 02493
978-505-3333
Carmenelisa@pklaw.law

1

**CERTIFICATE OF SERVICE**

I hereby certify, on this 8th day of July 2020, that I have caused the within Notice to be filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants including the United States Of America as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Carmenelisa Perez-Kudzma
Carmenlisa Perez-Kudzma

United States District Court
District of Massachusetts

```
_____
                               )
Andreia DaSilva,               )
                               )
          Plaintiff,           )
                               )
          v.                   )    Civil Action No.
                               )    19-12392-NMG
Deutsche Bank National         )
Trust Company, et al.,         )
                               )
          Defendants.          )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

Plaintiff Andreia DaSilva ("DaSilva" or "plaintiff") alleges entitlement to damages and injunctive relief resulting from a mortgage foreclosure action initiated by defendants Deutsche Bank National Trust Company, as Certificate Trustee on behalf of Bosco Credit II Trust Series 2010-1 ("Deutsche Bank") and Franklin Credit Management Corporation ("Franklin", collectively with Deutsche Bank, "defendants").

Pending before the Court is the motion of defendants to dismiss plaintiff's complaint on all counts.

I.   **Background**

In May, 2005, plaintiff granted to Argent Mortgage Company, LLC ("Argent") two mortgages on property located at 428

- 1 -

North Main Street, Brockton, MA ("the Property").  The second
mortgage, which is the mortgage at issue in this case ("the
Mortgage"), was recorded at the appropriate Registry of Deeds in
May, 2005.  It was assigned to Deutsche Bank that same month,
but that assignment was not recorded until December, 2016.

On May 24, 2019, Deutsche Bank published in the Brockton
Enterprise notice of plaintiff's default on the Mortgage and of
its intent to conduct a foreclosure sale of the Property on June
19, 2019.  Deutsche Bank sent, via certified mail, notice of
that sale to the Property on May 29, 2019.  Additional notices
of the sale were published in the Brockton Enterprise on May 31,
2019, and June 7, 2019.

On the day of the foreclosure sale, plaintiff filed a
complaint and a motion for a temporary restraining order ("TRO")
in Massachusetts Superior Court for Plymouth County.  The TRO
named Argent as a defendant but did not name Deutsche Bank or
Franklin Credit.  The Court granted plaintiff's TRO but Deutsche
Bank nevertheless proceeded with the foreclosure sale.  The
Property was sold at auction for approximately $119,700.  After
the sale, plaintiff moved to apply the TRO (or a preliminary
injunction) to Deutsche Bank and Franklin but that motion was
denied as moot.

In November, 2019, plaintiff filed a complaint in this
Court against Deutsche Bank, Franklin, Argent and several other
defendants, based on diversity jurisdiction, alleging: (1)
failure to provide proper notice in violation of Mass. Gen. L.
c. 244, §§ 14, 35A and 35B (Counts I, III and IV); (2) wrongful
foreclosure in violation of a valid TRO (Count II); (3) unfair
and deceptive practices in violation of Mass. Gen. Law c. 93A
(Count V); (4) lack of proper assignment of the Mortgage (Count
VI); and (5) lack of proper notarization of the Mortgage in
violation of Mass. Gen. Laws c. 184, § 24 (Count VII).
Plaintiff seeks damages and injunctive relief.

Defendants move to dismiss all counts.

## II.  Motion to Dismiss

### A.  Legal Standard

To survive a motion to dismiss, a claim must contain
sufficient factual matter, accepted as true, to "state a claim
to relief that is plausible on its face." Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007).  In considering the merits of
a motion to dismiss, the Court may only look to the facts
alleged in the pleadings, documents attached as exhibits or
incorporated by reference and matters of which judicial notice
can be taken. Nollet v. Justices of Trial Court of Mass., 83 F.

Supp. 2d 204, 208 (D. Mass. 2000), aff'd, 228 F.3d 1127 (1st Cir. 2000).

Furthermore, the Court must accept all factual allegations in the claim as true and draw all reasonable inferences in the claimant's favor. Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000). If the facts in the claim are sufficient to state a cause of action, a motion to dismiss must be denied. See Nollet, 83 F. Supp. 2d at 208.

Although a court must accept as true all the factual allegations in a claim, that doctrine is not applicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). Threadbare recitals of legal elements which are supported by mere conclusory statements do not suffice to state a cause of action. Id.

**B. Notice**

Several of plaintiff's causes of action dispute the sufficiency of the notice provided to her by defendants. Ms. DaSilva contends that defendants' failure (1) to publish notice of the foreclosure sale at least 21 days prior to the sale, and (2) to provide her with timely notice of the sale and her right to cure at her proper address violates Mass. Gen. Laws c. 244, §§ 14, 35A and 35B. The Court will address each statutory provision in turn.

Pursuant to Mass. Gen. Laws c. 244, § 14, prior to a foreclosure sale, a mortgagee must publish notice of the sale

> once in each of 3 successive weeks, the first
> publication of which shall be not less than 21 days
> before the day of sale, in a newspaper published in
> the city or town where the land lies. . .

The mortgagee must also send notice by certified mail of the sale to the owner of the property to be sold at least 14 days prior to the sale. Id.

DaSilva does not dispute that defendants published notice of the sale in an appropriate publication, the Brockton Enterprise, for three consecutive weeks on May 24 and 31 and June 7, 2019.  She complains only that the first publication was untimely because it allegedly occurred less than 21 days before the foreclosure sale on June 19, 2019.  It appears, however, plaintiff has inexplicably failed to count Saturdays and Sundays in her calculation.  Nothing in the statute suggests that weekend days are to be excluded from the notice calculation. Indeed, courts have routinely approved of notices published in the Sunday edition of local newspapers. See, e.g., Branch Ave Capital, LLC v. U.S. Nat'l Ass'n, No. 12-40140, 2013 WL 5242121, *1, *3 (D. Mass. Sept. 16, 2013).  Including Saturdays and Sundays, defendants plainly published the first notice of the foreclosure sale at least 21 days in advance of the sale.

Plaintiff further complains that defendants failed to provide her with proper notice of the sale because it was sent to the Property rather than her mailing address and, in any event, was sent less than 14 days prior to the sale. Plaintiff's timeliness argument is unavailing for the reasons already stated with respect to publication of the notice.  The Court will not discount weekends absent statutory authority. Inclusive of weekend days, defendants plainly sent notice to the Property not less than 14 days before the sale.

Plaintiff submits that even if notice was timely, it was ineffective because she did not receive it.  The notice requirement is satisfied, however, by mailing; nonreceipt is irrelevant. Hull v. Attleboro Sav. Bank, 519 N.E.2d 775, 778 (Mass. App. Ct. 1988).  Although plaintiff complains that the notice was sent to the Property rather than her mailing address, she overlooks the Mortgage document itself which provides that notice relating to the Mortgage shall be satisfied by mailing the required documentation to the Property.  Ms. DaSilva has not alleged that she provided defendants with an updated address or ever requested that notices be delivered to an address other than the Property.

In any event, plaintiff does not state a claim for deficient notice because she had actual notice of the

foreclosure sale.  The purpose of the notice requirement is to ensure that those affected by the sale are aware of its existence. Hull v. Attleboro Sav. Bank, 596 N.E.2d 358, 362 (Mass. App. Ct. 1992).  Where plaintiff has actual notice of the sale, that purpose is satisfied. Id.  Here, plaintiff concedes that she had actual notice of the sale prior to its occurrence. Accordingly, plaintiff cannot state a claim for relief pursuant to Mass. Gen. Laws c. 244, § 14.

Plaintiff separately claims that she was not provided notice of her right to cure in violation of Mass. Gen. Laws c. 244, §§ 35A and 35B.  Sections 35A and 35B apply only to mortgagors of "residential property".  For purposes of both provisions, "residential property" is limited to the

> principal residence of a person; provided further,
> that residential property shall not include an
> investment property or residence other than a primary
> residence

Mass. Gen. Laws c. 244, §§ 35A(a) and 35B(a).

Plaintiff concedes that she failed to allege that the Property constitutes "residential property" for purposes of Sections 35A and 35B.  Consequently, she has failed to state a claim under either provision.

Accordingly, plaintiff's claims alleging deficient notice pursuant to Mass. Gen. Laws c. 244, §§ 14, 35A and 35B will be dismissed.

- 7 -

## C.  Violation of the TRO

Prior to the foreclosure sale, the Massachusetts Superior Court entered a TRO forestalling the sale of the Property.  It is undisputed that defendants were not named as parties to that action and proceeded with the foreclosure sale of the Property on the same day the TRO was entered.  Ms. DaSilva asserts that she inadvertently named Argent instead of Deutsche Bank in the Superior Court action because she had not received notice that the Mortgage had been assigned to Deutsche Bank in May, 2005. She contends that Deutsche Bank was nevertheless bound by the terms of the TRO as successor in interest to Argent.

Plaintiff cannot plausibly claim that she was unaware that Deutsche Bank was a party in interest.  The record in this case demonstrates that Ms. DaSilva sent a Chapter 93A demand letter to Deutsche Bank regarding what she deemed to be unfair and deceptive practices relating to the Mortgage more than one week before filing the case in Superior Court.  Plaintiff proffers no reason for her apparent lack of diligence other than that she initiated the Superior Court case pro se.  Although pro se plaintiffs are generally afforded some measure of leniency in complying with procedural requirements, DaSilva's argument that she was unaware of Deutsche Bank's involvement with the Mortgage defies logic and will not be credited.

A temporary restraining order applies only to parties named in the order. The TRO here contains no language extending its terms to successors in interest and plaintiff proffers no citation in support of her request for the Court to read such an extension into the order. Indeed, the Superior Court declined a similar opportunity to so interpret the TRO when it denied plaintiff's request for an extension.

Accordingly, defendants were not parties to the TRO and, therefore, did not conduct the foreclosure sale in violation of its terms.

### D. Chapter 93A

DaSilva alleges that Deutsche Bank engaged in unfair and deceptive conduct in violation of Mass. Gen. Laws c. 93A by failing to notify her of her right to cure and to negotiate alternatives to foreclosure, including loan modification.

Plaintiff's Chapter 93A claim with respect to lack of such notice is unavailing because, for the reasons already stated, defendants complied with all applicable notice requirements in instituting foreclosure proceedings.

DaSilva's claim of unfair and deceptive practices as a result of defendants' failure to negotiate alternatives to foreclosure is similarly unavailing. A mortgagee has a duty "to act in good faith" and to use "reasonable diligence to protect

- 9 -

the interests of the mortgagor". MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 493 (1st Cir. 2013).  A mortgagee does not, however, have a duty to exhaust all reasonable alternatives to foreclosure or engage in loan modification negotiations prior to initiating foreclosure proceedings unless otherwise contemplated by the mortgage documents. See Santos v. U.S. Bank Nat'l Ass'n, 54 N.E.3d 548, 560-61 (Mass. App. Ct. 2016).

Plaintiff does not allege that the Mortgage grants her a right to seek modification prior to the institution of foreclosure proceedings.  Instead, she submits, based upon the principles of negligence, that once defendants began to negotiate with respect to her untenable financial situation, they became obligated to continue those negotiations in good faith.

Assuming arguendo that the "rescue doctrine" applies in these circumstances, plaintiff fails to allege that defendants attempted to negotiate alternatives to foreclosure with her. DaSilva alleges only that she applied for loss mitigation "several times" and "never received a written proper denial of any of [her] applications."  Nowhere does she claim that defendants took some action that created a duty to negotiate a loan modification in good faith.

Accordingly, plaintiff has failed to identify any unfair or deceptive practices taken by defendants in violation of Chapter 93A and, therefore, that claim will be dismissed.

**E.  Notarization of the Assignment of Mortgage**

Plaintiff contends that the document assigning plaintiff's Mortgage to Deutsche Bank from Argent ("the Assignment of Mortgage") is void because it lacks the signature and witnessing of a notary public.  She submits that, absent an effective Assignment of Mortgage, Deutsche Bank had no authority to institute foreclosure proceedings.

Defendants respond that, although the copy of the Assignment of Mortgage filed with the Registry of Deeds is missing proper notarization, the original document includes a proper acknowledgement executed under seal by Cheryl Park in her capacity as notary public.  Defendants assert that Ms. Parker's signature was inadvertently deleted when the document, which was prepared on 8 ½ x 14-inch legal paper, was truncated and imaged for recording.

The Court need not investigate the original Assignment of Mortgage (although it could do so because the document is central to plaintiff's claim and sufficiently referred to in the complaint) because plaintiff lacks standing to bring this claim. It is well settled that a

- 11 -

> mortgagor does not have standing to challenge
> shortcomings in an assignment that render it merely
> voidable at the election of one party but otherwise
> effective to pass legal title.

Culhane v. Aurora Loan Servs. of Neb., 708 F.3d 282, 291 (1st

Cir. 2013).  Defects that are best understood as "mere

procedural infirmities" render an assignment voidable, rather

than void.  Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 354

(1st Cir. 2013).  An assignment is void only when it is "of no

effect whatsoever" such that the "putative assignor never

properly held the mortgage and, thus, had no interest to

assign." Wilson v. HSBC Mortg. Servs., Inc., 744 F.3d 1, 10 (1st

Cir. 2014) (internal quotations omitted).

Plaintiff does not allege that Argent lacked the authority

to assign the Mortgage to Deutsche Bank.  Her claim is limited

to the form and execution of the document.  Consequently, the

defect of which plaintiff complains is a mere procedural

infirmity which she lacks standing to challenge.  DaSilva's

claim with respect to assignment will, therefore, be dismissed.

### F.  Notarization of the Mortgage

Plaintiff separately contends that the lack of proper

notarization renders the Mortgage void pursuant to Mass. Gen.

Laws c. 184, § 24 because the notary failed to identify properly

the plaintiff and more than ten years have elapsed without cure.

Plaintiff's argument reflects a misunderstanding of the statute.  Section 24 provides that, in circumstances where a mortgage is accepted for recording and more than ten years have elapsed without cure or challenge, the document shall be effective regardless of any defect relating to acknowledgment, witnesses, attestation or proof of execution. Mass. Gen. Laws c. 184, § 24.  Although the Assignment of the Mortgage was not recorded until December, 2016, the Mortgage itself was properly recorded in May, 2005.  Plaintiff does not claim that she commenced any action regarding an alleged defect with the Mortgage within the ten-year period and, as a result, the document is effective.

Accordingly, plaintiff's claim pursuant to Mass. Gen. Laws c. 184, § 24 will be dismissed.

### G.  Injunctive Relief

Plaintiff claims to be entitled to injunctive relief for the reasons proffered in support of Counts I through VII of her complaint.  Having concluded that plaintiff has failed to state claims upon which relief can be granted with respect to those counts, the Court likewise concludes that she fails to state a claim for injunctive relief.

**ORDER**

For the foregoing reasons, the motion of defendants to dismiss the complaint (Docket No. 5) is **ALLOWED**.


**So ordered.**


<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge


Dated May 8, 2020