UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____X
**Andreia V. Dasilva,**
   **Plaintiff,**

v.                CIVIL ACTION NO. 19-CV-12392-NMG

**Deutsche Bank National Trust Company as
Certificate Trustee on behalf of Bosco Credit
II Trust Series 2010-1; Franklin Credit
Management Corporation; Argent Mortgage
Company, LLC; DLJ Mortgage Capital, Inc.;
Asset Backed Securities Corporation; US Bank,
NA as Trustee for Securitized Trust Asset
Backed Securities Home Equity Loan NC
2005-HE4 Trust; Wells Fargo Bank, NA;
Mortgage Electronic Registration System
("MERS"); and Does 1 through 100 Inclusive,**
   **Defendants.**
_____X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR APPEAL BOND

NOW COME the Defendants, Deutsche Bank National Trust Company, as Certificate Trustee on behalf of Bosco Credit II Trust Series 2010-1 ("Deutsche Bank") and Franklin Credit Management Corporation ("Franklin Credit"), by and through their attorneys, and hereby submit the following Memorandum of Law in support of their Motion for Appeal Bond.

### I. INTRODUCTION

This action arises out of Deutsche Bank's foreclosure of the second mortgage ("Dasilva Mortgage") on the property located at 428 North Main Street, Brockton, MA (the "Property"), dated May 12, 2005, given by the Plaintiff to Argent Mortgage Company, LLC ("Argent").[1] Deutsche Bank is the owner of the Property by virtue of a Foreclosure Deed recorded with the Plymouth

---

[1] *See* Exhibit A (a true and correct copy of the Dasilva Mortgage is attached hereto and incorporated herein).

County Registry of Deeds in Book 51613, Page 229.[2]

On May 8, 2020, this Court entered an Order granting the Defendants' Motion to Dismiss the instant action. The Plaintiff filed a Notice of Appeal of the Court's Judgment on July 8, 2020. As set forth more fully below, the Plaintiff is required to post a bond as security for the payment of the Defendants' attorney's fees and costs associated with her appeal. For these reasons, and as set forth more fully below, the Defendants respectfully request that this Court grant their Motion and enter an Order requiring the Plaintiff to post a bond in the amount of $47,081.07 as security for her appeal.

## II.     LEGAL STANDARD

Fed. R. App. P. 7 provides that "the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." "The core purpose of the bond requirement of Rule 7 is to 'ensure payment of costs on appeal' in a civil case."[3] Basic costs, as defined in Fed. R. App. P. 39, include copies of briefs, appendices, transcript and appellate fees.[4] As the Court opined in *Capizzi*, "Rule 39 does not define the entire universe of costs covered by Rule 7."[5] The Rule 7 bond is designed to protect "the amount the appellee stands to have reimbursed . . . ."[6] "In particular, attorney's fees, where provided for, may also be included in fashioning a bond."[7] Where, as here, an appellant is potentially liable for attorney's fees pursuant to an underlying contract, anticipated attorney fees

---

[2] *See* Exhibit B (a true and correct copy of the Foreclosure Deed and Affidavit of Sale is attached hereto and incorporated herein).
[3] *Capizzi v. States Resources Corp.,* No. 02-CV-12319-DPW, 2005 WL 958400, at *1 (D.Mass. Apr. 26, 2005)(Woodlock, J.).
[4] *See id.*
[5] *Id.*
[6] *Id.*, citing *Adsani v. Miller*, 139 F.3d 67, 75-76 (2d. Cir. 1998).
[7] *Capizzi*, 2005 WL 958400, at *1; *see also Int'l Floor Crafts, Inc. v. Adams*, 656 F.Supp.2d 240, 241 (D.Mass. 2009)(holding that attorney's fees and costs may be included in an appeal bond under Fed. R. Civ. P. 7 when an appeal is frivolous).

incurred in defending an appeal must be included in the bond calculation.[8] Thus, the correct analysis in determining the proper amount of an appeal bond begins with an evaluation of "the costs the appellee can reasonably be expected to incur in defending against the appeal," and, in the face of a contractual fee-shifting provision, follows logically to an evaluation of the reasonable attorney's fees the parties are likely to incur in defending the appeal.[9]

### III.   ARGUMENT

**A.   The Plaintiff should be required to post an Appeal Bond in the Amount of $47,081.07 as a condition of her Appeal.**

The Plaintiff should be required to post an appeal bond in the amount of $47,081.07 as security for the payment of the Defendants' reasonable attorney's fees and costs associated with defending against the Plaintiff's frivolous litigation and appeal. As contemplated by Fed. R. App. P. 7, an appeal bond will provide the Defendants with security in anticipation of the financial burden and unnecessary delay associated with being forced to defend against the Plaintiff's appeal, which is wholly without merit and devoid of any basis in fact or law.

Here, the Defendants have incurred legal fees and costs in the amount of $8,797.39 associated with the foreclosure of the Dasilva Mortgage Loan.[10] Further, to date, the Defendants have incurred a total of $13,671.18 in defending against the Plaintiff's challenges to Deutsche Bank's foreclosure of the Dasilva Mortgage Loan.[11] Additionally, the Defendants can anticipate incurring reasonable costs in the amount of $24,612.50 in defending against the Plaintiff's appeal as follows: 1) 95 hours of attorney time at $215.00 per hour; 2) 25 hours of paralegal time at $107.50 per hour; and 3) costs in the amount of $1,500.00 associated with printing and copying

---

[8] *Id.*, *see also Int'l Floor Crafts, Inc. v. Dziemit*, 420 Fed.Appx. 6, 17 (1st Cir. 2011)(holding that an appeal bond may properly include attorney's fees where the claims at issue in the underlying litigation are subject to a fee-shifting provision).
[9] *Id.*
[10] *See* the Affidavit of Reneau J. Longoria, Esq. ("Longoria Affidavit"), ¶ 9.
[11] *See* Longoria Affidavit, ¶¶ 7, 11 & 13.

the appellate brief.[12]

Not only are the Defendants entitled to recover these costs pursuant to Fed. R. App. P. 7, but the terms of the Dasilva Note and Mortgage obligate the Plaintiff to pay attorney's fees and associated costs incurred in a legal proceeding arising out of the Defendants' enforcement or defense of its rights under the mortgage loan contract. Paragraph 4(D) of the Dasilva Note provides that if Deutsche Bank has required the Plaintiff to pay immediately in full the total debt owed thereunder, Deutsche Bank has the right to payment from the borrower for all costs and expenses in enforcing the Note, which expressly includes reasonable attorney's fees.[13] Additionally, Paragraph 7 of the Dasilva Mortgage provides that Deutsche Bank is entitled to recover from the Plaintiff any expenses, including attorney's fees, incurred as a result of actions taken to protect Deutsche Bank's interest in the Property and rights under the mortgage loan contract.[14] Further, Paragraph 17 of the Dasilva Mortgage allows Deutsche Bank to collect all expenses, including attorney's fees, incurred in pursuing its remedies in response to the Plaintiff's default.[15] Accordingly, it is undisputed that the Dasilva Note and Mortgage allow the Defendants, their successors and assigns, to recover attorney's fees associated with any legal proceeding affecting their rights in the Property and/or challenging their conduct related to collection, acceleration and/or foreclosure.[16]

Where, as here, the Defendants have incurred attorney's fees and costs in the amount of $22,468.57 in foreclosing the Dasilva Mortgage Loan and defending against the Plaintiff's challenges thereto, and the Defendants can reasonably anticipate incurring attorney's fees and costs in the amount of $24,612.50 in defending against the Plaintiff's appeal. The Plaintiff

---

[12] *See* Longoria Affidavit, ¶ 15.
[13] *See* Exhibit C (a true and correct copy of the Dasilva Note is attached hereto and incorporated herein).
[14] *See* Exhibit A.
[15] *See* Exhibit A.
[16] *See Capizzi,* 2005 WL 958400, at *1.

should be required to post an appeal bond in the amount of $47,081.07 as security for the payment of the Defendants' legal fees and costs incurred and anticipated in defending against the Plaintiff's appeal.

## IV.  CONCLUSION

WHEREFORE, Deutsche Bank and Franklin Credit respectfully request that this Court grant their Motion, order the Plaintiff to post an appeal bond in the amount of $47,081.07 and for such further relief as this Court deems just and proper.

                                                Respectfully Submitted,

Deutsche Bank National Trust Company as Certificate Trustee on behalf of Bosco Credit II Trust Series 2010-1, and
Franklin Credit Management Corporation
By their attorneys,

Dated: September 30, 2020

/s/ Brian C. Linehan
Brian C. Linehan, Esq. (BBO# 690437)
Reneau J. Longoria, Esq. (BBO # 635118)
John Doonan, Esq. (BBO# 547838)
Doonan, Graves & Longoria, LLC
100 Cummings Center Suite 225D
Beverly, MA 01915
Tel. (978) 921-2670
bl@dgandl.com